**MATHIS et al. v. SHAW.**
No. 4598.

Court of Civil Appeals of Texas. Texarkana.
Dec. 10, 1934.

Rehearing Denied Dec. 13, 1934.

O. B. Pirkey of New Boston, for appellants.

Keeney & Moseley, of Texarkana, and L. O. Meadows, of De Kalb, for appellee.

SELLERS, Justice.

On October 4, 1926, G. B. Mathis qualified as the guardian of Grady H. Shaw by taking the oath and executing bond with J. A. Holcombe, D. B. Pirkey, and J. L. Lumpkin as sureties on the bond, and as such guardian G. B. Mathis took charge of the ward's estate, which consisted of a certain undivided interest in real estate and $400 cash, the proceeds of a certain insurance policy on the life of Grady H. Shaw's mother.

This suit was brought by Grady H. Shaw after he reached his majority against G. B. Mathis and the sureties on his bond to recover the $400 insurance money received by the guardian as a part of his estate. In his petition it is alleged that he (Grady H. Shaw) never received from the defendant any part of the $400, and that no part of such sum was spent by the defendant by order of the probate court of Bowie county where said guardianship was pending for the benefit of the plaintiff, but that all said funds were converted by the defendant to his own use and benefit. Plaintiff prayed judgment for the sum of $400, with interest from November 1, 1926, at 6 per cent. per annum.

The defendants answered by plea in abatement, general demurrer, general denial, and specially answered that the defendant Mathis had made proper disposition of all said funds coming into his hands as guardian; that such funds were expended for the support, maintenance, and education of said minor and in the preservation of the estate of said minor, in that some of the funds were used to pay interest on vendor's lien notes against real estate belonging to the estate of the minor. The court having sustained exceptions to the defendants' answer, the defendants were permitted to file the following trial amendment:

"Now comes the defendants, leave of the court first had and obtained, and files this their trial amendment and supplemental answer to meet exceptions sustained by the Court, and show to the Court the following:

"That the sums expended by the Guardian for the use and benefit of the ward, the plaintiff herein, are as follows: 11-5-26, W. L. Lindsey for clothing, $31.00; 10-29-26, Dr. W. E. Beck, $10.00; 10-29-26, Tidwell Drug Company, $3.10; 11-18-26, Simms Bros. interest on land notes, $213.90; 10-29-26, J. D. Lumpkin for groceries, $22.88; 10-29-26, O. H. Atchley, Attorney's fee in guardianship, $5.00; 11-6-26, W. L. Lindsey, $5.49 for clothes; 10-29-26, A. J. Hutson, $50.00 for schooling and board; 11-15-26, T. W. Kennington, County Clerk, Court costs in guardianship, $16.00; 11-6-26, Cash to the ward, $26.00; 10-29-26, on burial expenses of mother, $39.72."

The court sustained plaintiff's exceptions to all the items set out in the trial amendment except the item of court cost and the sum of $213.90 paid to Simms Bros. on land notes of the ward.

The court submitted the case to the jury upon special issues, which are as follows:

"No. 1: Do you find from the evidence that the sum of $16.00 was paid by G. B. Mathis, as guardian for Grady H. Shaw and Morris E. Shaw, to the County Clerk of Bowie County as court costs?" Answer: "Yes."

"No. 2: Do you believe from the evidence that Grady H. Shaw is not twenty-one years of age at this time?" Answer: "No."

The jury's finding with reference to the minor's age eliminated all question raised by the plea in abatement of the defendants.

It appearing from the evidence that the item of $213.90 paid to Simms Bros. by the defendant Mathis was on a debt against the real estate belonging to the plaintiff and his six brothers and sisters, the court allowed the defendants to set off only one-seventh of the $213.90 and the item of $16 court cost, and entered judgment for the plaintiff for the sum of $354, with interest at 6 per cent. per annum from November 1, 1926. From this judgment the defendants have prosecuted this appeal.

The appellants by their fourth assignment of error complain of the action of the trial court in sustaining appellee's exception to all the items of expenditure made by the guardian as set out in their trial amendment. This assignment we think must be sustained, at least in so far as the items alleged to have been spent for the support and maintenance of such minor. It is well settled that a guardian may not make expenditures from the corpus of the minor's estate for his maintenance and education without first securing from the probate court an order authorizing such expenditures. American General

Ins. Co. v. Nance (Tex. Civ. App.) 60 S.W.(2d) 280. It is undisputed in this case that no orders were secured by the guardian from the probate court to make the expenditures alleged to have been made for the education and maintenance of such minor, and under the authorities such items may not be allowed as a set-off against the $400 corpus of the estate. However, in this case, appellee has recovered interest at 6 per cent. per annum on the corpus of the debt from the date it was received by the guardian, and it would seem under the facts as disclosed by the record that such interest was properly allowed. But such interest is held to be clear income from the minor's estate, 21 Tex. Jur., § 56, p. 284, from which expenditures by the guardian for the education and maintenance of the minor may be deducted even though no order of the court was had, Moore v. Moore (Tex. Civ. App.) 31 S. W. 532. And in this case we think, to the extent of the amount of the interest recovered by appellee, the appellant Mathis ought to have deducted such items as the jury might believe were spent by the guardian for the education and maintenance of the appellee.

In view of another trial, it may be well to call attention to the evidence with reference to the item paid Simms Bros. on the land notes, in that we are unable to tell from the evidence offered on the trial whether the amount paid was in settlement of the appellee's proportionate part of the debt, or whether it was in payment of a debt owed by all the interested parties in the real estate. If it is not in settlement of his proportionate part of the debt, the trial court was correct in limiting the offset as it did.

The judgment of the trial court will be reversed, and the cause remanded.