**AMERICAN NAT. INS. CO. v. ALLEE.**

No. 5044.

Court of Civil Appeals of Texas. Amarillo.

June 19, 1939.

Rehearing Denied Sept. 11, 1939.

Carrigan, Hoffman & Carrigan and James E. Prothro, all of Wichita Falls, for appellant.

George P. Brown, of McKinney, and R. D. Oswalt, of Vernon, for appellee.

JACKSON, Chief Justice.

This suit was instituted in the County Court of Foard County by the appellee, Mrs. Maurice Allee, to recover the sum of $1,000 on an insurance policy in which she was named beneficiary issued by the appellant, American National Life Insurance Company, December 31, 1914, on the life of her husband, James Robert Allee, who died on March 16, 1937.

The appellant admitted in its pleading issuing the policy and the payment of the premiums thereon but pleads that on May 27, 1936, James Robert Allee was adjudged insane by a court of competent jurisdiction and by reason of such insanity was totally and permanently disabled under the terms of the policy and was so adjudged by said court; that under the terms of the policy the insured was entitled to apply for and receive twenty annual payments in the sum of $50 each in lieu of all other benefits and in discharge of the policy upon satisfactory proof of his total disability being furnished to the company; that proof of such disability was received by appellant on November 24, 1936, and thereafter appellee was duly and legally appointed guardian of her husband, who was non compos mentis; that later appellee forwarded to appellant certified copies of the proceedings by which she was appointed such guardian with instruction that if the papers were satisfactory proof to send her a check of $50 on account of the permanent disability claim of her husband under the policy; that such papers were satisfactory and on January 13, 1937, it mailed to appellee a check for the sum of $50 as the first of the twenty annual installments to be paid the insured by virtue of the provision in the policy relative to total disability; and that appellee accepted such check and expended the proceeds thereof.

That James Robert Allee died March 16, 1937, notice of such death was received by appellant and it promptly issued and mailed to appellee its check for $692.85, the cummuted value of the nineteen remaining installments of $50 each as stipulated in the insurance contract; that the check was retained but appellee refused to receive it as payment and gave notice that she intended to collect $1,000, the amount evidenced by the face of the insurance contract.

The appellee in a supplemental petition asserted that she was not the legally appointed guardian of the estate of her demented husband and that no order was ever made by the probate court authorizing her to apply for the payment of the installments or to expend the proceeds thereof for the benefit of her said husband.

The provisions of the policy material to a disposition of this appeal after the agree-

ment of appellant to pay "Maurice Allee, Beneficiary, or to such other Beneficiary as may be designated by the Insured" immediately after receipt of due proof of his death, are as follows:

"And further agrees to pay One Thousand Dollars in twenty equal annual instalments of Fifty Dollars each, in the event of the total and permanent loss of sight of both eyes, or loss of both arms, or both legs, or one arm and one leg, or one eye and one limb, of the Insured, or if the Insured shall become totally and permanently disabled to such an extent as to render it impossible for him to engage in any gainful occupation whatever, such total and permanent disability occurring before the Insured has reached the age of sixty years, and while this policy is in force, this payment, being in lieu of all other benefits designated in this Policy, the first instalment being payable immediately after receipt by the Company of due and satisfactory proofs of such total and permanent disability, or such injuries as above defined. If the Insured should die before all of the said twenty instalments have been fully paid, the remaining instalments may be continued to the Beneficiary hereunder or may be commuted at three and one-half per centum compound interest and paid in one sum to said Beneficiary.

* * *

"The face amount of the policy, unless otherwise requested by the Insured, will be payable in one sum immediately· after receipt of due proofs of the death of said Insured."

The case was tried before the court without the intervention of a jury and judgment rendered that the appellee recover the sum of $950 with interest thereon from the 8th day of April, A.D.1937, from the appellant, together with costs, from which action of the court this appeal is prosecuted.

There is no statement of facts in the record, but the court found, in effect, that on December 31, 1914, the appellant executed and delivered to the insured its policy in which the appellee was named as beneficiary; that the insured was alive on the 6th day of December, 1934, and died on March 16, 1937, and all premiums on the policy had been paid; that he did not exercise any of the options under the head of "Guaranteed Settlement Options" but that the insured was legally declared insane by a court of competent jurisdiction on May 27, 1936, and never regained his mental faculties; that appellee is his surviving wife and named in the policy as beneficiary; that she was duly and legally appointed and qualified as guardian of the estate of James Robert Allee, a non compos mentis, and was such at the date of his death; that the appellant paid to her as such guardian the sum of $50 and tendered in court the sum of $692.85 in full settlement of all claims under the policy; that neither appellant nor appellee applied for or received an order from the probate court authorizing her as guardian to compromise or settle the claim prior to the payment of the $50 nor at any time thereafter. He concludes as a matter of law that on account of the failure to apply to the court and "obtain and receive an order authorizing her as such guardian to compromise and settle said claim" the company is not entitled to reduce the amount under the total disability and commutation provisions in the policy.

The appellant concedes that in order to exercise the option contained in the policy providing for commuting the balance of the installments payable after the death of the insured at $3\frac{1}{2}\%$ compound interest the insured or someone with authority to act for him must have made application for the payment of the installments under the total disability clause and furnished proof of such disability satisfactory to the insurance company.

The appellant alleges that such application was made by appellee and satisfactory proof furnished, but since there is no statement of facts in the record and no finding of fact by the court supporting such allegation, the appellant cannot avail itself of the total disability and commutation provisions of the policy.

The finding of the court that neither appellant nor appellee ever secured an order to compromise the amount to be paid under the policy for which reason appellant was not entitled to the benefits of the commutation clause therein is not a finding that application for the payment of the policy in installments as therein provided was made to the appellant by the guardian of the non compos mentis. The policy provides that the face amount will be payable in one sum immediately after receipt of due proofs of the death of insured unless he has requested that it be paid otherwise, and no such request having been made, and proof of death furnished, the judgment of the court is correct.

However, if there was proof that the guardian made application for the payment of the policy in installments, it is conceded that her act was without authority or approval of the probate court and we question the right of appellant to avail itself of the benefit of the total disability and commutation clauses. See the following authorities: Great Southern Life Ins. Co. v. Kinney ét al., Tex.Civ.App., 276 S.W. 741; Mathis et al. v. Shaw, Tex.Civ.App., 77 S.W.2d 915; American General Ins. Co. v. Nance et al., Tex.Civ.App., 60 S.W.2d 280, and authorities cited; Bagwell v. McCombs, Tex.Civ.App., 31 S.W. 835.

The court does not find that appellant delivered to appellee and that she retained in her possession its check for $692.85. The finding is that appellant tendered this amount in court and under this finding such amount will be credited on the judgment.

The judgment is affirmed.