NEEDHAM AUSTIN V. THE STATE.

No. 12083. Delivered May 22, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for rape; punishment, five years in the penitentiary.

At the time notice of appeal was given herein the court made an order granting thirty days from adjournment within which to file bills of exception. The court adjourned April 21, 1928. Within the thirty day period thus granted, the court entered a further order extending the time for filing bills of exception to thirty days more. This second period of extension ended June 21, 1928. On June 23rd thereafter the court attempted to grant additional time for filing such bills. The trial term of the court below had adjourned. The court was without power to make the order of June 23rd, same being attempted to be made after the end of the prior extension order. Mireles v. State, 98 Texas Crim. Rep. 396. This case has been followed in many others since. The bills of exception appear to have been filed July 9, 1928, and cannot be considered because filed too late.

The exceptions to the court's charge appearing in the record do not seem to have been presented to the court for approval, nor are same verified in any way as having been presented within the time required by statute. Gibson v. State, 88 Texas Crim. Rep. 281. In order to entitle such exceptions to consideration, same must be verified by the approval of the trial court, and this fact must appear either by notations thereon or by the recitals in some separate bill of exceptions.

We have carefully considered the statement of facts herein, and it appears therefrom that the appellant's daughter, a girl of fifteen years of age, testified that on the occasion referred to appellant had carnal knowledge of her. She is corroborated by her brother who was within view, and testified to the occurrence. Being of opinion that the testimony supports the judgment, and that appellant does not bring himself in a position to criticise anything done during the trial, and that no error appears, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests us to again review the evidence insisting that the state's witnesses are in conflict to the extent that the conviction should not be permitted to stand. We have carefully re-examined the facts. It is not thought desirable to detail the evidence. If true it reflects a sordid condition of affairs, the recital of which would be of no benefit. We find some conflict in the testimony of prosecutrix and her brother, who testified to the act of intercourse. We think this court not authorized to hold that the jury should have discarded the evidence entirely because it was not in all respects harmonious. No defense was interposed save a plea of not guilty. Appellant did not testify and called no witnesses. His failure to take the witness stand could not be held a circumstance against him but his wife and other witnesses were present in the house when the alleged offense was committed and appellant's failure to call them may have been properly considered by the jury.

The motion for rehearing is overruled.

*Overruled.*