### NORMAN WILKIRSON v. THE STATE.

No. 12743. Delivered November 20, 1929.
Rehearing denied February 5, 1930.

The opinion states the case.

*Anderson & Jones* of San Angelo, *T. T. Crosson* of Ballinger, and *James P. Cogdell* of Fort Worth, for appellant.

*A. A. Dawson of Canton,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, two years in the penitentiary.

Prosecuting witness, F. R. Lowe, owned a two row cultivator and saw it the last time previous to the theft Christmas Day, 1927. Going to the field in January, 1928, where it had previously stood, he discovered what seemed to be a man's and woman's track. He followed the trail of the cultivator from the field to San Angelo and lost it at the home of appellant's mother. The cultivator was apparently attached to a small car about the size of a Ford. It was found west of San Angelo on a farm owned by appellant's father and where appellant had arranged to make a crop for the year 1928. A man and woman were seen in a Ford car with a two row cultivator trailing on behind traveling from the direction of Ballinger towards San Angelo at about the date the cultivator is alleged to have been stolen. Appellant's father testified that the cultivator was brought there by appellant and his wife in December, 1927. Appellant admitted his possession of the cultivator but claimed that he bought it from a German in the town of Rowena, paying him $50.00 therefor.

Complaint is made that prosecuting witness, Lowe, was permitted to testify that he knew the difference between a man's track and a

woman's track; that he was familiar with the difference in the size of their shoes and the difference between a lady's shoe track and a man's shoe track, and that of the tracks found at the place where the cultivator stood previous to its disappearance, one he took to be a man's track made by about a number seven shoe and the other he took to be a lady's track made by about a number four shoe. It is insisted that this was argumentative, stated the conclusion of the witness and was inadmissible. Such testimony was admissible. Parker v. State, 46 Tex. Crim. Rep. 465; Boyman v. State, 59 Tex. Crim. Rep. 23; Williams v. State, 60 Tex. Crim. Rep. 459.

The father of appellant was placed on the stand by the State and in response to questions testified that it was in December, 1927, that his son brought the cultivator to his place, whereupon he was asked if he didn't state before the grand jury that it was sometime in January, to which the appellant objected for the reason that "it is argumentative with the witness." Continuing the District Attorney showed the witness a paper and asked him if that wasn't his signature and if he didn't make that statement before the grand jury, to which an objection was made that (a) the witness had not shown an unwillingness to testify; (b) the defendant cannot be incriminated by the State pressing its own witness; (c) the fact that the witness does not testify like the State's Attorney wants him to, should not be authority for an argument between the witness and the District Attorney.

We confess our inability to understand the point attempted to be made by appellant. The witness was the father of appellant. He was apparently testifying differently from what he had theretofore testified before the grand jury and under the circumstances we think clearly the District Attorney had the right to refresh his memory by showing him the grand jury statement and to ask him about his former testimony. No improper use was made of his statement before the grand jury. Some discretion is allowed the trial court in such matters. Particularly as against the objections made and in the absence of a showing of injury this bill shows no error.

It is vigorously insisted that the evidence is insufficient and that the Court should have peremptorily instructed a verdict of not guilty because the State proved by the prosecuting witness, Lowe, that appellant had told him at Ballinger that he bought this cultivator from a German at the town of Rowena, which bound the State, its falsity not being shown. The statement of facts shows that the State concluded its testimony without proof of this statement.

Thereupon the appellant testifying for himself stated that in the Sheriff's office at San Angelo immediately after his arrest he had made this statement to Mr. Lowe. When he left the witness stand, prosecuting witness, Lowe, was immediately called as a witness and denied that appellant had so stated and testified that such a statement was made at Ballinger and not San Angelo. The State's testimony was therefore in impeachment and rebuttal. Besides, it plainly appears that the State does not rely for a conviction alone upon the confession or admission of appellant. In fact the State did not rely in any degree upon same but affirmatively showed the possession of recently stolen property by appellant without resorting to proof of any confession or statement. Under these circumstances there was not even an issue raised as to the State being bound by the confession, which would require a charge on same. Slade v. State, 29 Tex. Crim. App. 392; McKinney v. State, 48 Tex. Crim. Rep. 404; Casey v. State, 54 Tex. Crim. Rep. 587.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that State witness W. B. Wilkirson, as well as the owner of the alleged stolen property, testified that appellant told him that he bought the said cultivator from a German at Rowena, and, therefore, the State was bound by such exculpatory statement. This was not a part of the State's proof. The witness referred to was the father of appellant who was introduced by the State to prove that appellant lived on his place, and had made arrangements to make a crop there for 1928. Upon cross-examination of this witness appellant drew out of him the statement now claimed to be exculpatory. We think there is no merit in this contention. The trial court told the jury that if they believed appellant bought the cultivator, or had a reasonable doubt of this fact, to acquit him; further that if when his possession of it was first questioned, he made an explanation of how he came by it which the jury believed reasonable and probably true, they should acquit him. This fully presented the two defensive issues raised by the testimony. There was no error in the refusal of an instruction to the jury to acquit.

If there be materiality in the contention that appellant brought the cultivator to his father's place in December, 1927, or before Christmas of that year, we still are unable to see it, that is, that it was material to any extent. The cultivator possessed by appellant on January 14, 1928, near San Angelo was the same cultivator had by Mr. Lowe, which he last saw in his field in Runnels county on Christmas Day, 1927. It was shown that there had been a rain in the meantime by reason of which Mr. Lowe saw tracks, as referred to in our original opinion, in his field leading from where the cultivator was to the road. The loss of the plow was not discovered until January 13, 1928, and since appellant was apparently endeavoring to show that the plow was brought to his father's house in December, we perceive no material error in permitting the State to refresh the memory of appellant's father by showing him his written and signed statement before the grand jury, in which he stated that said cultivator was brought to his place about January 1st.

We think it not necessary to cite authorities on the point that the fact might be developed on the trial that the wife of the accused was in a position where her testimony could be of value to him relating to facts other than privileged communication, that she was present at the trial, and was not used as a witness for the defense.

An undescribed, unknown party, of unknown whereabouts made a statement that he sold a cultivator to the appellant in December, 1927, as is revealed by the affidavit of a party who swore that such statement was made in his presence by a stranger during appellant's trial, which is attached to the application for a new trial where same is set up as newly discovered evidence. This does not seem to us to be testimony of such character as that the trial court should have held that it could be obtained, or that if produced it would probably bring about a different result upon another trial. We are not of opinion that there was an abuse shown of the discretion of the trial court in his action in this regard.

The motion for rehearing will be overruled.

*Overruled.*