## AMERICAN GENERAL INS. CO. v. NANCE et al.
### No. 11397.

Court of Civil Appeals of Texas. Dallas.
April 1, 1933.

Rehearing Denied April 29, 1933.

Leake, Henry & Young, Hawkins, Golden, and G. H. Crane, all of Dallas, for appellant.

Sullivan & Wilson and J. Lee Zumwalt, all of Dallas, for appellees.

LOONEY, Justice.

On October 11, 1929, S. L. (Sam) Nance died from injuries sustained in the course of employment with Texas Big Boy Company, Inc., a subscriber under the Compensation Law, the Texas Employers' Insurance Association being the carrier of insurance. Nance left surviving a daughter, Laverne, about twelve years of age, and his mother and father, Mr. and Mrs. J. H. Nance, statutory beneficiaries under the Compensation Law. The deceased also carried a policy on his life with the Reserve Loan Life Insurance Company of Indianapolis, Ind., his daughter, Laverne, being the beneficiary. Mrs. G. R. Underwood, mother of Laverne, prior to her marriage with G. R. Underwood, was the wife of Sam Nance, from whom she was divorced, and, during the happenings with which we are dealing, Laverne was a constituent of the family of her mother. On December 3. 1929, Mrs. Underwood was appointed guardian of the person and estate of Laverne, by the probate court of Dallas county, duly qualified as such, executing the usual statutory bond (G. R. Underwood, husband, joined pro forma), in the sum of $10,000, with appellant, the American General Insurance Company, as surety.

The claim of the minor for compensation under the Workmen's Compensation Law and the $1,000 life policy constituted the estate, and the guardian, in due time, inventoried the same. Under orders of the probate court, the claim for compensation was settled for $3,000, and, accordingly, the Sixty-Eighth district court of Dallas county, in a suit brought by Mrs. Underwood and her attorney against Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board, adjudged to Mrs. Underwood, as guardian, $2,000, and $1,000 to L. M. Ballowe, her attorney. These amounts were subsequently paid by the Insurance Associa-

tion to Mrs. Underwood and Ballowe, respectively; and the amount due on the Reserve Loan Life Insurance Company policy, to wit: $1,000, less $22.78 unpaid premium, leaving $977.22, was also paid to Mrs. Underwood, making a total amount collected by her as guardian the sum of $2,977.22. These payments were in the shape of checks drawn by the respective companies payable to Mrs. Underwood as guardian of the estate of Laverne Nance, and, by her, were indorsed and delivered to Ballowe, because, as she said, "he was our trustee and an attorney." Ballowe collected the drafts, appropriated the money to his own use, and died insolvent.

On November 3, 1930, J. H. Nance, appellee, grandfather of Laverne, filed a petition in the probate proceedings, alleging the embezzlement and loss of the funds belonging to the estate, praying that Mrs. Underwood be removed as guardian, and that the court appoint some suitable person her successor. On November 7th, the petition was heard and granted, Mrs. Underwood appealed to the district court of Dallas county (101st district), and, on trial de novo, July 24, 1931, the judgment of the probate court was affirmed. The judgment of the district court contains, among others, the following recitation: "And it appearing to the Court from the verdict of the jury that Mrs. G. R. Underwood, Guardian of the Estate of Laverne Nance, a minor, has misapplied all the funds and property belonging to the estate of the said Laverne Nance, a minor, and that she should be removed as guardian of the Estate of Laverne Nance, a minor. It is therefore considered, ordered, adjudged and decreed by the Court, that the said Mrs. G. R. Underwood be and she is hereby removed as guardian of the estate of the said Laverne Nance, a minor, and that the said Mrs. G. R. Underwood be and she is hereby required to surrender her letters of guardianship of the estate of the said Laverne Nance, a minor, and that the said Mrs. G. R. Underwood be and she is hereby required to account for all the property of every kind belonging to the said estate of the said Laverne Nance, a minor. It is further ordered, adjudged and decreed by the Court that the said Mrs. G. R. Underwood deliver all the property of every kind belonging to the estate of the said Laverne Nance, a minor, to such person as the County Court of Dallas County, Texas, shall appoint and qualify as guardian of the estate of the said Laverne Nance, a minor."

Thereafter, the court appointed J. H. Nance, appellee, guardian to succeed Mrs. Underwood, and on September 29, 1931, after qualifying, instituted this suit on her bond, against her as principal, the American General Insurance Company as surety, her husband being joined as defendant pro forma, to recover the amount of the funds belonging to the estate that were lost, as hereinbefore shown.

At the conclusion of the evidence, the court directed verdict for appellee against Mrs. Underwood and surety for $2,977.22 (the amount of the two insurance claims collected), with interest, and in favor of the insurance company (on its cross-bill) against Mrs. Underwood for same amount, directed verdict for G. R. Underwood, and judgment was rendered accordingly.

■ Appellant took a bill, and assigns error because the trial court included, in the statement of facts, certain exhibits in regard to which a controversy arose, that is, appellants contended that the exhibits (being certified copies from the probate and district courts of pleadings and orders relating to the matters under consideration) were not introduced in evidence, whereas, appellee contended that they were introduced and should be included in the statement of facts.

We do not deem it necessary to lengthen this opinion by a more extended statement of this matter, for, as we view the question, the action of the trial judge overruling the contention of appellant, and making said exhibits a part of the statement of facts, is not open to review by this court.

In 3 Texas Jurisprudence, pages 624, 625, § 438, the rule is stated as follows: "When a judge is required to prepare a statement, it is his duty to make up a statement of all the facts proved at the trial, as it would have been the duty of the parties had they agreed upon a statement; and if the parties cannot agree as to whether a document was introduced in evidence, it is his duty, by a positive and unequivocal act, either to incorporate it in or exclude it from the statement, according to whether it was admitted or excluded. Matter to be incorporated in the statement rests within the exclusive judicial recollection and discretion of the trial judge, and is a matter which must be determined by him alone. The appellate court cannot dictate what shall be included, nor may a statement be called in question in the appellate court as not stating the facts proved on the trial." We therefore overrule the contention of appellants in regard to this matter.

■ It is contended that the court erred in not sustaining general demurrers urged by appellants, and in not directing a verdict in their favor, because it was neither alleged nor proven that a demand was made by appellee on Mrs. Underwood for the delivery of the property and funds belonging to the estate of said minor.

As shown above, the judgment of the district court removing Mrs. Underwood from the guardianship found that she had misapplied "all the funds and property belonging to the estate," requiring her to account for same, and that she "deliver all the property of every kind belonging to the estate of the said Laverne Nance, a minor, to such person

as the County Court of Dallas County, Texas, shall appoint and qualify as guardian of the estate of the said Laverne Nance, a minor."

This order follows the statute in case of a removal (article 4235), and article 4237 provides that, "if a guardian * * * be removed, he or his legal representatives shall account for, pay and deliver to the person legally entitled to receive the same, all the property of every kind belonging to the estate of the ward at such time and in such manner as the court shall order. * * *"

The funds belonging to the estate of the minor were converted by Ballowe, Mrs. Underwood's attorney, and, in fact, never reaching her hands. In their answer, appellants say the guardian never received any of said money or any part thereof, and therefore that no accounting by the guardian was required, and no liability existed. This being the attitude of appellants, demand upon Mrs. Underwood by appellee for the delivery of the estate would have proven futile. However, we do not think a formal demand was required as a condition precedent to the institution of suit upon the bond. The order of court, and the controlling statute, placed an affirmative duty upon Mrs. Underwood to render an accounting and to deliver the estate, of the ward, to J. H. Nance, her successor in the guardianship, and failure on her part, in this respect, gave rise to a cause of action on her bond, no formal demand being necessary as a condition precedent to the institution of suit. Ballew v. Casey, 60 Tex. 573, 575; Coe v. Nash (Tex. Civ. App.) 40 S. W. 235, 242; Hill v. Escort, 38 Tex. Civ. App. 487, 86 S. W. 367; Green v. Scales (Tex. Civ. App.) 219 S. W. 274, 275.

■■■ Appellants contend that the court erred in refusing to submit issues requiring the jury to find the capacity in which G. R. Underwood signed the bond, that is, whether as principal or surety. The construction of written instruments is a question of law for the court, and not of fact for the jury. The bond in question reads:

"The State of Texas: County of Dallas:

"Know all men by these presents: That we, Mrs. G. R. Underwood, as principal, and American General Insurance Company as sureties, are held and firmly bound unto the County Judge of Dallas County, State of Texas, in the sum of $10,000.00 conditioned that the said Mrs. G. R. Underwood has been appointed guardian of the person of said minor, will faithfully perform and discharge the duties of guardian of the person and estate of said Laverne Nance, a minor.

"Given under our hands this the 9th day of December, A. D. 1929.

"Mrs. G. R. Underwood, Principal
"G. R. Underwood
"American General Insurance Company,
"By Fred G. Scott, Attorney-in-fact,
Surety."

The statute (article 4146, R. S.) provides that, where a married woman is appointed guardian, she may, either jointly with her husband or without him, if he is absent from the state or refuses to join in the bond with her, execute a valid bond. The court evidently held that G. R. Underwood joined in its execution as principal, pro forma, and, not being personally liable thereon, we think correctly directed verdict in his favor.

■■ Appellants, by plea that was stricken out on special exceptions, and by requested issues that were refused, urged below and contend here that appellee had an interest in the estate adverse to the interest of the ward, therefore was disqualified to prosecute the suit.

The record fails to disclose that appellee either owns or claims any interest in the ward's estate, or that he is indebted thereto; besides, this contention, in its last analysis, is a collateral attack on the orders of the probate court appointing appellee guardian of this estate; the contention is overruled.

■ As heretofore shown, the court adjudicated that Mrs. Underwood, guardian, "misapplied all the funds and property belonging to the estate of said Laverne Nance, a minor; * * *" this established the liability of the guardian, is binding upon her surety, and left for ascertainment but one fact, that is, the amount of the funds devastated. The doctrine has been repeatedly announced that, where the probate court, on removal of a guardian, determines the effects or the amount of money that should be on hand, such adjudication is binding upon sureties, although not parties to the proceedings. See Hornung v. Schramm, 22 Tex. Civ. App. 327, 54 S. W. 615, 616, and authorities there cited.

■■ The discussion just preceding is an approach to questions which we will now consider. Appellants contend that, as no competent evidence was introduced showing the amount of money received by Mrs. Underwood as guardian, the court committed reversible error in directing verdict for appellee. This proposition is based upon the action of the court in admitting certain evidence, over appellants' objections, which we will now consider. Mr. Plyer, assistant treasurer of Texas Employers' Insurance Association, testified that the association paid the claim, resulting from the death of Sam Nance, and produced a check drawn by the association, payable to "Mrs. G. R. Underwood, guardian of the estate and person of Laverne Nance, a minor, in the sum of $2000.-00"; that the same was paid through the American Exchange National Bank of Dallas, Tex. The check and attachments contained recitals indicating that it was issued in settlement of the judgment of the district

court, hereinbefore mentioned, and purportedly had been indorsed by both Mrs. G. R. Underwood, guardian, and L. M. Ballowe.

Appellee also introduced the deposition testimony of a Mr. Stayman, secretary of the Reserve Loan Life Insurance Company of Indianapolis, who testified that the company issued a policy on the life of Sam Nance in the sum of $1,000 payable, in case of death, to his daughter, Laverne; that the company received proof of the death of Nance from L. M. Ballowe, attorney, Dallas, Tex., also certified copy of letters of guardianship issued to Mrs. Underwood by the Probate Court of Dallas County; that the policy was in good standing, subject only to the payment of $22.78 premium for the current year; and that the company issued its check for the amount of the policy, less the premium, for to wit, $977.22, payable to Mrs. Underwood, guardian of the person and estate of Laverne Nance, and forwarded same to L. M. Ballowe, attorney, and, through Ballowe, received what purported to be receipt for the check signed by Mrs. Underwood, guardian, also a release of her claim as guardian under the policy. A photostatic copy of the check, with its recitals and indorsements, attached to the deposition, indicated that it was issued in settlement of the insurance claim, bearing these indorsements: "Pay to the order of L. M. Ballowe, attorney. Signed Mrs. G. R. Underwood," and was also purportedly indorsed by L. M. Ballowe. Appellants objected to the introduction of these checks, that is, the check for $2,000 issued by Texas Employers' Insurance Association, and the one for $977.22 issued by the Reserve Loan Life Insurance Company, on the ground that it was not shown that Mrs. Underwood executed the indorsements, nor that she received any money on the checks. The record discloses further that Mrs. Underwood and her husband were in attendance on court, but were dismissed by appellants' attorney without being called to the stand to testify.

This evidence was offered for the purpose of showing the amount of money received and misapplied by Mrs. Underwood, her liability for some amount having been fixed by the judgment of the district court in the removal proceedings. Appellee's suit is not based upon the checks or indorsements; these are but evidentiary facts incidentally related to the main issue, hence, could be established by parol evidence. Howard v. Britton, 71 Tex. 286, 9 S. W. 73; Philadelphia Underwriters Agency v. Brown (Tex. Civ. App.) 151 S. W. 899; International, etc., R. Co. v. Lynch (Tex. Civ. App.) 99 S. W. 160; Missouri, K. & T. R. Co. v. Johnson (Tex. Civ. App.) 193 S. W. 728, 729; Heidenheimer v. Beer (Tex. Civ. App.) 155 S. W. 352, 355; 21 C. J. page 1015, § 1300. No reason occurs why the execution of the indorsements and the receipt of money by Mrs. Underwood could not be circumstantially established, as we believe was satisfactorily done. Mrs. Underwood inventoried these insurance claims as constituting the estate of the minor; she petitioned, and was granted authority by, the probate court, to settle the compensation claim for $3,000, resulting in a judgment in her favor, as guardian, for $2,000, and in favor of Ballowe, her attorney, for $1,000. The check in evidence was for that amount payable to her order as guardian, and bore evidence that it was issued in payment of the judgment; a similar record was made as to the payment of the $1,000 policy, each check was returned to and was in the possession of the company issuing, after being paid, and each purportedly had been indorsed by Mrs. Underwood, the guardian, also by Ballowe, her attorney.

This train of connected circumstances, in the absence of a denial or explanation, is cogent, and was sufficient to establish the fact that Mrs. Underwood received, from the insurance companies, the amounts represented by the checks, and justified the court in directing verdict as to the amount.

 While the failure of a litigant to testify is not conclusive against him, yet it is a circumstance that may be considered in determining an issue upon which the testimony would shed light. The failure of Mrs. Underwood to testify justifies the inference that she refrained, because the truth, if made to appear, would not have strengthened her case. Green v. Scales (Tex. Civ. App.) 219 S. W. 274, 276; 22 C. J. pages 121, 122, § 7.

 Appellants assign error on the action of the court in admitting, over objection, certain deposition testimony of Mrs. Underwood taken in the removal suit, to the effect that she received checks from the insurance companies, for the amount due by each, respectively, that she indorsed these checks and turned them over to her attorney, Ballowe, saying "he was our trustee and an attorney." The objection to this testimony was that the deposition was taken in a suit to which the surety was not a party; hence, was not permitted to cross-examine the witness.

If, in the removal suit, the court had gone a step further, and established the amount or value of the estate in the hands of Mrs. Underwood as guardian, such adjudication would have bound the surety, although not a party to the proceedings (cases in point heretofore cited); this being true, the surety cannot question the conclusiveness of the adjudication that Mrs. Underwood had misapplied the entire estate belonging to the minor, and we think the amount misapplied was sufficiently established by the evidence hereinbefore mentioned.

■ Mr. and Mrs. Underwood pleaded jointly the following as an offset to the suit of appellee; that is, they alleged that the ward was a constituent of their family, that during the two years preceding they had expended, for her maintenance, support, and education, the sum of $2,000, and that said claim, on being presented to the guardian, July 8, 1932, was rejected, etc. The court sustained a special exception to this plea, which is assigned as error.

We do not think the court erred in sustaining the special exception, and in striking out the plea, for the following reasons: (a) If, by reason of the facts pleaded, a valid claim exists against the estate of the ward, it belongs, not to Mrs. Underwood in her individual right, but to the community, of which her husband, G. R. Underwood, is head. Under the statute, a joint debt cannot be set off against a separate demand. Greathouse v. Greathouse, 60 Tex. 597; Hilliard v. Johnson (Tex. Civ. App.) 28 S. W. 100; Wise v. Ferguson (Tex. Civ. App.) 138 S. W. 816; Ray v. Cartwright (Tex. Civ. App.) 180 S. W. 927; Poindexter v. Hicks (Tex. Civ. App.) 260 S. W. 206. As mutuality is lacking, the claim was improperly set up as an offset against the amount Mrs. Underwood is indebted to the estate. (b) The plea is too general, alleging simply that, within the two years preceding, claimants expended $2,000 for the education, maintenance, and support of the ward, without exhibiting an account showing the nature of payments, dates, items, etc., as required by article 2014, R. S. 1925. (c) A guardian is not authorized to make expenditures, of the nature involved, in excess of the net income of the ward's estate, without a specific order of the probate court. Article 4171, R. S. 1925; Jones v. Parker, 67 Tex. 82, 3 S. W. 222; Blackwood v. Blackwood's Estate, 92 Tex. 478, 49 S. W. 1045; Dallas Trust, etc., Bank v. Pitchford (Tex. Civ. App.) 208 S. W. 724. No such order of court was shown to exist. (d) While a guardian is authorized, without an order of court, to make expenditures not in excess of the clear net income of the estate for the purposes mentioned (see article 4171, R. S. 1925), yet, it is difficult to understand how such expenditures could have been made from the estate, as the entire amount thereof was lost to the guardian as soon as collected from the insurance companies. (e) It being the legal and moral duty of Mrs. Underwood to educate and support her daughter, and no showing having been made that she was unable to discharge this duty, an allowance for such purpose, out of the estate of the ward, should be denied. See Kendrick v. Wheeler, 85 Tex. 252, 20 S. W. 44.

■ Assume, however, that the total amount of this estate had remained in the custody of the guardian and was handled under the most favorable conditions, the income for the two years mentioned would not have exceeded the sum of $500, yet, a claim is presented for $2,000, an amount almost sufficient to exhaust the corpus of the estate, without a showing as to the necessity for such expenditures, and without giving an itemized statement and without an order of court, as the statute requires. It is our opinion that the court did not err in sustaining the special exception. Yates v. Watson (Tex. Com. App.) 221 S. W. 966.

After carefully considering all assignments and propositions urged, and finding no reversible error, the judgment of the court below is affirmed.

Affirmed.