## JETER v. STATE.
### No. 2375.

Court of Civil Appeals of Texas. Eastland.
April 2, 1943.

Rehearing Denied April 30, 1943.

Scarborough, Yates & Scarborough, of Abilene, for appellant.

Gerald C. Mann, Atty. Gen., for appellee.

LESLIE, Chief Justice.

The State of Texas instituted this suit to enjoin G. B. Jeter, et al., from violating the Texas Liquor Control Act in Taylor County. The proceeding was directed against the appellant, his brother and the two owners of a building in Abilene. During the trial it was dismissed by agreement as to the brother.

By the proceeding, the State sought (1) to restrain defendants from possessing for sale and selling intoxicating liquors in that county contrary to said act, and (2) to secure an order to padlock said building where the business was conducted. The trial court refused to order the building padlocked, but granted the injunction as against appellant, G. B. Jeter, who appeals.

The State's petition was filed October 8, 1942, and the trial court set same for hearing October 28, 1942, when the case by agreement of parties was tried on its merits for permanent injunction, and judgment entered November 13, 1942.

The appellant attacks the judgment on the grounds (1) that it is not supported by any evidence, and (2) that it is against the great weight and preponderance of the evidence.

No attack is made on the pleadings, allegations of which are fully sufficient to warrant the relief sought, and our attention will be directed to matters of evidence as the same affect appellant, G. B. Jeter, who alone appeared and announced ready for trial.

The parties admit Taylor County is dry area, within the terms of said act. G. W. Connell, an inspector of the Liquor Control Board, testified he was acquainted with Jeter and his place of business at 1082 North First Street, Abilene. That on August 8, 1942, he obtained a search warrant and searched said premises and found five pints of whisky. That he searched it again on September 17, 1942, and found five more pints of whisky. That appellant was present on each occasion.

Jack Miles, another inspector for said Board, testified that he was acquainted with the appellant and his place of business and that he was with Mr. Connell on August 8th and September 17, 1942, when said premises were searched and said whisky found.

In the trial the parties agreed Jeter pleaded guilty September 21, 1942, to two separate cases of illegal sales of whisky in Taylor County, one alleged to have been made August 4th, and the other August 5th, 1942. As stated, this suit was filed October 8th, after these pleas of guilty and the search for and seizure of said whisky.

Although the appellant Jeter was present in court and confronted with charges embracing different unlawful sales of intoxicating liquor in Taylor County, and with threatening to do so in the future, he offered no testimony whatever and did not take the witness stand and testify. The proceeding against him was civil in nature and the question of his intent with reference to his future conduct was very material. The testimony under consideration was strengthened by the presumption arising from his failure to testify at all upon the issues raised. American General Insurance Co. v. Nance, Tex.Civ.App., 60 S.W.2d 280; Day v. Williams, Tex.Civ. App., 193 S.W. 239; Wilkirson v. State, 113 Tex.Cr.R. 591, 23 S.W.2d 731; Austin v. State, 113 Tex.Cr.R. 217, 18 S.W.2d 676, 677; Green v. Scales, Tex.Civ.App., 219 S.W. 274; 17 Tex.Jur. 306.

In the authority first cited [60 S.W.2d 284], the court said: "While the failure of a litigant to testify is not conclusive

194

against him, yet it is a circumstance that may be considered in determining an issue upon which the testimony would shed light. The failure of Mrs. Underwood to testify justifies the inference that she refrained, because the truth, if made to appear, would not have strengthened her case. Green v. Scales, Tex.Civ.App., 219 S.W. 274, 276; 22 C.J. 121, 122, § 7."

In the Green case [219 S.W. 276] the Court held in part: "Moreover, with reference to many of the questions raised as to the sufficiency of the evidence to sustain the judgment upon preemptory instruction, it may be said that the failure to produce evidence within a party's control raises the presumption that if produced it would operate against him, and every intendment will be in favor of the opposite party."

The rule is stated in 17 Tex.Jur. page 306, par. 87 as follows: "Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him."

In the light of the allegations, the undisputed evidence and the conduct of appellant, we conclude that the trial court had sufficient evidence to justify his granting the permanent injunction against G. B. Jeter. The judgment is affirmed.