### WALKER v. STATE.
### No. 5560.

Court of Civil Appeals of Texas. Amarillo.
June 21, 1943.

Rehearing Denied Sept. 6, 1943.

Jimmie Cunningham, of Lubbock, for appellant.

Gerald C. Mann, Atty. Gen., of Texas, Geo. W. Barcus and W. P. Watts, Asst. Attys. Gen., of Texas, and Syrian Marbut, of Lubbock, for appellee.

STOKES, Justice.

This suit was instituted by the Attorney General and the County Attorney of Lubbock County on behalf of the State, its purpose being to enjoin the appellant, Gus Walker, from violating the provisions of the Texas Liquor Control Act, Title 11, Chapter 8, Article 666—1 et seq., Vernon's Ann.P.C. The original petition was filed May 4, 1942, and the case was tried before the court without the intervention of a jury on November 10, 1942. It was agreed that Lubbock County constituted an area in which the sale of intoxicating liquors was prohibited, and the uncontradicted testimony showed that appellant had violated the provisions of the Act by making sales of whiskey at his residence in Lubbock on March 22, 23, and 25, and April 15 and 16, 1942. It was also shown, without dispute, that on April 17, 1942, he was in possession of three pints of whiskey. The record shows that appellant was personally present in the courtroom during the trial and that he was represented by his counsel, but that he did not testify in person nor offer any testimony whatever in rebuttal of the testimony introduced by appellee. The trial resulted in a judgment perpetually enjoining and restraining appellant from possessing for the purpose of sale, selling, offering for sale, manufacturing, or bartering alcoholic beverages at his residence in Lubbock or any other place within the boundaries of Lubbock County. Appellant duly excepted to the judgment and has perfected an appeal to this court where he assails the judgment upon the grounds, first, that there was no evidence to support it, and, secondly, that courts of equity are without jurisdiction or authority to entertain suits to enjoin the commission of acts merely because they constitute crimes or penal offenses.

We think it is unnecessary to detail the testimony. It was shown without dispute that upon the dates mentioned appellant sold whiskey to, and received payments therefor from, witnesses who testified to that effect. The sales were made at his residence in Lubbock which is located within Lubbock County, and it was agreed upon the trial that Lubbock County is what is designated by the Liquor Control Act as a "dry area."

Appellant's principal contention seems to be that, because it was not shown he had violated the law since the suit was filed on May 4, 1942, several months having elapsed between that time and the date upon which the case was tried, nor that he was threatening to make other sales of intoxicating liquors, the presumption of innocence should be indulged in his favor, which necessarily implies he had repented, and, therefore, no injunction should be lodged against him. As we have said, appellant was personally present in court at the trial, as was also his attorney who cross-examined the State's witnesses. Not only did appellant fail to take the stand and deny

the charges made against him by the State, but he failed to produce any other witness or testimony of any kind. He knew, of course, whether he intended further to violate the law or had reformed and entertained no such intention. Notwithstanding his peculiar knowledge in that respect, he did not favor the court with his own testimony or furnish any enlightenment whatever in regard to his intentions. Under such circumstances, the courts entertain a presumption that if evidence had been produced by him, it would operate against him and tend to corroborate that which had been offered by the State. Every intendment in favor of the opposite party is favored and indulged by the courts. Jeter v. State of Texas, Tex.Civ.App., 171 S.W.2d 192; Day v. Williams, Tex.Civ.App., 193 S. W. 239; Green v. Scales, Tex.Civ.App., 219 S.W. 274; Austin v. State, 113 Tex.Cr.R. 217, 18 S.W.2d 676; Wilkirson v. State, 113 Tex.Cr.R. 591, 23 S.W.2d 731; American General Ins. Co. v. Nance, Tex.Civ. App., 60 S.W.2d 280.

Appellant relies upon the case of Birdette v. State, 158 S.W.2d 902, wherein it was held by the Court of Civil Appeals of the Eleventh District that, although it was proved that specific sales of whiskey had been made in prohibited territory, such sales, in and of themselves, created no presumption that several months later, when the case was tried, the defendants were then threatening to create a nuisance or violate any of the provisions of the Texas Liquor Control Act. The court observed that the rule that a status or condition once shown to exist is presumed to continue is not applicable to violations of the law, but that a presumption of innocence prevails which necessarily implies that a former wrongdoer has repented. The Supreme Court affirmed that case, 139 Tex. 357, 162 S.W.2d 932, but its holding was based upon the finding by the Court of Civil Appeals that there was no evidence to support the judgment.

In the more recent case of Jeter v. State of Texas, supra, the Court of Civil Appeals which rendered the opinion in the Birdette case had before it a state of facts almost identical with those reflected by the record in this case, and, in passing upon the failure of the appellant to take the stand and testify in rebuttal of the charges and testimony of former violations, observed that the appellant was present in court and confronted with charges embracing different unlawful sales of intoxicating liquors and

was threatening to do so in the future, but that he offered no testimony whatever and did not take the stand and testify in the case. Its conclusion was that the testimony offered by the State was strengthened by the presumption arising from his failure to testify, the holding being based upon the authorities which we have cited. We think the conclusions reached by that court are sound and are supported by the decisions mentioned. In our opinion, there is no merit in appellant's first contention and it will be overruled.

The next contention is that the court was without jurisdiction or authority to restrain appellant from committing the acts alleged against him merely because they constituted crimes or penal offenses, there being no property rights involved in the controversy. It is a well-settled rule of law that, generally speaking, courts of equity deal only with civil and property rights and an injunction will not be granted to restrain the violation of criminal statutes. Brazell v. Gault, Tex.Civ.App., 160 S.W.2d 540; Ex parte Hughes, 133 Tex. 505, 129 S.W.2d 270. In the case last cited, the Attorney General and the County Attorney of Travis County, on behalf of the State, sought an injunction against Hughes, restraining him from violating the usury laws of the State, and the Supreme Court held that courts of equity, as such, have no jurisdiction to entertain suits to enjoin the commission of acts merely because such acts constitute crimes or penal offenses under penal laws, because equity is not concerned with the enforcement of criminal statutes. The basis of the holding was that the law provides no such remedy at the suit of the State for violation of the usury statutes and the courts decline to create such a remedy by judicial construction because it would invade the legislative prerogative. That case is authority, however, for the State, through its proper officers, to invoke the jurisdiction of courts of equity to abate a nuisance when such an action is directly authorized by some constitutional or statutory law. Article 667—27, Vernon's Ann.P.C., provides that the Attorney General or the district or county attorney may institute proceedings to restrain any person from the threatened or further violation of the Texas Liquor Control Act when it is called to his attention by affidavit that such person is violating, or is about to violate, any of its provisions. Jurisdiction is lodged in the district court. The district judge is given

authority to issue restraining orders without hearings, and, upon notice and hearing, to grant permanent injunctions and prevent threatened or further violations by the persons against whom complaints are made. It has always been recognized by the courts that legislative bodies may provide remedies by injunction against common nuisances and authorize their abatement by that method. Pomeroy's Equity Jurisprudence, 2d Ed., Vol. 5, p. 4296, Sec. 1892; Ex parte Warfield, 40 Tex.Cr.R. 413, 50 S.W. 933, 76 Am.St.Rep. 724; State of Texas v. All Texas Racing Ass'n, 128 Tex. 384, 97 S.W. 2d 669, 100 S.W.2d 348.

■■ Appellant contends that the testimony concerning his possession of whiskey on April 17, 1942, was not admissible against him and should not have been considered because it was obtained by a search of his residence by officers who were not in possession of a legal and proper search warrant. The undisputed evidence showed that the officers were in possession of a warrant for appellant's arrest and when they arrived at his residence he invited them into the house, where they found three pints of whiskey sitting on a table, apparently in plain view of everyone. The testimony does not show that a search of the premises was made or that one was necessary. It is well settled by our courts that where the officers are invited into the premises by the owner or occupant, it is not necessary for them to be clothed with the authority of a search warrant in order to make such testimony available. Hall v. State, 105 Tex.Cr.R. 365, 288 S.W. 202; Jones v. State, 108 Tex.Cr.R. 414, 1 S.W.2d 617; Traylor v. State, 111 Tex.Cr.R. 58, 11 S.W. 2d 318; Cass v. State, 124 Tex.Cr.R. 208, 61 S.W.2d 500.

We have carefully examined all of the assignments of error and contentions presented by appellant and, in our opinion, no error is shown by any of them. The judgment of the court below will therefore be affirmed.

PITTS, C. J., not sitting.