### TREDWAY et al. v. STATE.
No. 6174.

Court of Civil Appeals of Texas. Texarkana.

July 19, 1945.

G. C. Harris, of Greenville, for appellants.

Grover Sellers, Atty. Gen., Benjamin Woodall and Jesse Owens, Asst. Attys. Gen., and Edgar Hutchins of Greenville, for appellee.

HALL, Chief Justice.

This action was instituted in the District Court of Hunt County by the State of Texas, appellee, against Albert Tredway and his son, Garland Tredway, appellants, for a temporary injunction with prayer for permanent injunction upon final hearing to restrain appellants from violating the provisions of the Texas Liquor Control Act, Vernon's Ann. P.C. Art. 666—1 et seq., and to declare the premises occupied by them a common nuisance. A hearing was had upon the State's application for a temporary injunction on March 12, 1945, and resulted in a judgment that: "* * * the defendants Albert Tredway and Garland Tredway and each of them be and they are hereby temporarily enjoined and restrained from unlawfully possessing liquors for the purpose of sale; from unlawfully selling same at any place within the boundaries of Hunt County, Texas, and at their place of business located in the 2600 block in the city of Greenville in said county and from unlawfully transporting the same anywhere within the said boundaries of Hunt County, Texas; from unlawfully possessing whiskey, beer, wine, gin and intoxicating liquors containing alcohol in excess of one-half of one percent by volume anywhere in the boundaries of Hunt County, Texas, all until the further order of this court."

The only contention advanced by appellants is that the evidence is "wholly insufficient to sustain such action and judgment." The facts are undisputed, and establish that appellants, Albert Tredway and his son, Garland, operated a grocery store in the city of Greenville, Hunt County. Albert sold goods in the store and Garland worked as butcher. Albert Tredway was convicted in Hunt County of illegal sales of whiskey on November 24, 1944, January 13, 1945, and January 19, 1945. The record reveals a sale of whiskey by Garland Tredway on January 26, 1945, for which he was convicted and paid a fine. The facts show further a sale of whiskey by Garland Tredway about three years before the trial. Appellants' premises were searched on January 26, 1945, and three pints of whiskey were found behind the meat counter. On the occasion of at least one sale by Albert Tredway, Garland was close by and collected the money for the sale. This case was filed February 28, 1945. In addition to the above oral testimony, the State's pleading was verified and attached to it was the affidavit of a witness showing the sales alleged against appellants. No evidence was offered by appellants. Their answer was not verified and consisted of exceptions and general denial. It is undisputed that Hunt County is dry territory within the meaning of the Liquor Control Act.

Appellants assert that: "There is nothing in the record to show that after January 26, 1945, the date of the last alleged violation, and up until the filing of this suit on February 28, 1945, any violation of the law or threatened violation of the law has occurred on the part of either of these defendants. Under these circum-

stances, it is earnestly urged and submitted that the evidence is insufficient to sustain the judgment of the trial court."

In support of the above contention, appellants cite and rely upon the case of Birdett et ux. v. State, Tex.Civ.App., 158 S.W.2d 902, 904, affirmed by Supreme Court, 139 Tex. 357, 162 S.W.2d 932, 933. The opinion of the Court of Civil Appeals (Eastland) in the Birdett case, supra, deals with facts somewhat similar to the facts in this cause, except that the time intervening between the last offense charged and the filing of the suit by the State for injunction is three or four times longer than here. It is clear from the opinion in that case by the Court of Civil Appeals that the court based its ruling with respect to the sufficiency of the evidence to support the lower court's judgment on the assumption that the State's suit was criminal rather than civil in nature, and that the presumption of innocence obtained in favor of appellants. This is shown by the following statement from that opinion: "Unless the above evidence, in and of itself (prior sales of intoxicating liquor), creates a presumption that on October 24, 1941, the defendants were threatening to create a nuisance, or to violate one or more provisions of the Texas Liquor Control Law, then it was necessary that there be some evidence thereof. There is a rule—the operation of which, and qualifications upon same, we need not here consider—to the effect that a status or condition once shown to exist is presumed to continue; but we do not think that that rule is applicable to law violations. The presumption of innocence obtains which necessarily implies that a former wrongdoer has repented."

In affirming the judgment in that case the Supreme Court refrained from discussing the above holding, but based its affirmance on the legal proposition that the Court of Civil Appeals had found the testimony insufficient to support the judgment, which finding was binding on the Supreme Court. This is shown by the following quotation from the opinion of the Supreme Court: "The opinion of the Court of Civil Appeals, in effect, holds that the evidence contained in this record is legally insufficient to support the judgment of the trial court. As already shown, in response to this holding, the Court of Civil Appeals reversed the judg-

ment of the trial court and remanded this cause for a new trial. The Court of Civil Appeals having found that there are no facts in this record to sustain this judgment, and that court being invested with power to determine the facts of the case and set aside the judgment of the trial court on the facts and remand for a new trial, it must be assumed that, in reaching the conclusion that there are no facts to sustain this judgment, and for that reason ordering a remand of this case, the Court of Civil Appeals would have held this judgment was not supported by sufficient evidence. *Simply stated, where the Court of Civil Appeals finds no evidence, and on that account reverses and remands, it will be assumed that the finding of no evidence includes a finding of insufficient evidence. The jurisdiction of the Court of Civil Appeals is final on the issue of sufficiency of evidence.* Maddox Motor Co. v. Ford Motor Co., Tex.Com.App., 23 S.W.2d 333, opinion adopted; Tweed v. Western Union Tel. Co., 107 Tex. 247, 177 S.W. 957; Pollock v. Houston & T. C. R. Co., 103 Tex. 69, 123 S.W. 408." (Italics ours.)

However, the Eastland Court of Civil Appeals in the later case of Jeter v. State, 171 S.W.2d 192, 193, under facts similar to those here and in the Birdett case, supra, held: "Although the appellant Jeter was present in court and confronted with charges embracing different unlawful sales of intoxicating liquor in Taylor County, and with threatening to do so in the future, he offered no testimony whatever and did not take the witness stand and testify. The proceeding against him was civil in nature and the question of his intent with reference to his future conduct was very material. The testimony under consideration was strengthened by the presumption arising from his failure to testify at all upon the issues raised. American General Insurance Co. v. Nance, Tex.Civ.App., 60 S.W.2d 280; Day v. Williams, Tex.Civ.App., 193 S.W. 239; Wilkirson v. State, 113 Tex.Cr.R. 591, 23 S.W.2d 731; Austin v. State, 113 Tex.Cr.R. 217, 18 S.W.2d 676, 677; Green v. Scales, Tex.Civ.App., 219 S.W. 274; 17 Tex.Jur. 306."

The rule announced in the Jeter case is also followed in Walker v. State, Amarillo, Civ.App., 173 S.W.2d 741; Vance v. State, Dallas, Civ.App., 179 S.W. 2d 436, **writ refused, want of merit;**

762

State v. Crystal Club, Galveston, Civ.App., 177 S.W.2d 110. The undisputed testimony showed that appellants' store had been used in the recent past as a place where intoxicating liquor was kept and sold. This fact made it a public nuisance under the provisions of the Liquor Control Act. Under the holdings of the cases cited above, this condition is presumed to continue until an abatement is shown by the appellants. The burden was upon them to show that the building had ceased to be used as a place where liquor was kept and sold in violation of law. No such testimony was offered by appellants. In fact, no evidence of any character was offered by them.

In this state of the record, it is our opinion that the evidence fully warranted the judgment of the trial court in granting a temporary injunction against appellants.

The judgment of the trial court is affirmed.