## LINDSEY et al. v. STATE.

### No. 2542.

Court of Civil Appeals of Texas. Eastland.

April 19, 1946.

Rehearing Denied May 17, 1946.

414

Smith & Smith, of Anson, for appellants.

Grover Sellers, Atty. Gen., and J. F. Lindsey, Co. Atty., of Anson, for appellee.

GRAY, Justice.

This suit was filed by the State of Texas, acting by and through the Texas Liquor Control Board, in the District Court of Jones County, Texas, against Floyd H. Lindsey and wife as the owners of the Cut Rate Drug Store in Stamford, in said county, and against Jeff Davis, R. H. Schumacker and W. H. Plant, as the agents and employees of said owners, and against Earl Profit Spencer and J. E. Watkins and wife, Ethel Watkins, as the owners of the premises on which said drug store was situated, for the purpose of enjoining defendants Lindsey and wife and their said agents and employees from violating the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666—

1 et seq., on the premises involved, and in Jones County, and to padlock said building as against all of the defendants.

The owners of the building and grounds on which it was situated waived citation, but filed no further pleading and did not appear at the trial. The other defendants appeared by attorney and pleaded res adjudicata by reason of a former judgment rendered in said court on November 16, 1940, in Cause No. 6905, styled The State of Texas vs. L. E. Osteen, Floyd H. Lindsey and Albert Davis, and by general denial.

The trial was to the court without a jury; the plea of res adjudicata was overruled, and judgment was granted as against all the defendants declaring said premises to be a common nuisance as defined by the Texas Liquor Control Act, and ordering the said nuisance abated and said premises closed and the building padlocked for a period of one year from date of final judgment, or until the statutory bond in the sum of $1500 be filed.

Personal injunction was denied as against defendants Floyd H. Lindsey and wife, and the owners of the property, but a permanent injunction was decreed as against defendants Jeff Davis and R. H. Schumacker from violation of Texas Liquor Control Act on said premises or elsewhere in Jones County, Texas, and as against W. H. Plant from violation of said Act anywhere within said county.

All of the defendants, except the owners of the realty, have appealed.

■ Appellants complain of the overruling of their plea of res adjudicata. Said original suit was numbered 6905, styled The State of Texas vs. L. E. Osteen, Floyd H. Lindsey and Albert Davis, in said District Court of Jones County, Texas, and the judgment was rendered on November 16, 1940, and permanently enjoined said defendants, and each of them, their agents, assigns, servants, subordinates, aides, employees, lessees and associates from violating said Liquor Control Act at 106 South Swenson Avenue in the City of Stamford, the property further described as Lot No. 12 in Block 23 of the original town of Stamford, Jones County, Texas. Said defendants were further enjoined and restrained from such violations in any way or manner within said Jones County. Defendants further pleaded numerous pleas of guilty to charges of contempt growing out of said injunction and satisfaction thereof.

The facts show that after said judgment was rendered and said building padlocked, said Floyd H. Lindsey abandoned same as a place of business and moved his Cut Rate Drug Store to a new and different location in Stamford, on West McHarg Street and being the west end of Lots 1 and 2, in Block 17, of the original town of Stamford, and being the premises involved in this suit. In the suit under review, L. E. Osteen and Albert Davis are not named as defendants, but the defendants are Floyd H. Lindsey and wife, as the owners, and Jeff Davis, R. H. Schumacker and W. H. Plant, as their employees, and Earl Profit Spencer, J. E. Watkins and wife as owners of the realty. It is apparent that there is no such identity as to parties, premises and subject matter as to constitute said former judgment a bar to the present suit. With reference thereto, the record contains this stipulation:

"It is further agreed and stipulated that none of the allegations of fact made in Plaintiff's petition in Cause No. 6905 are contained in this cause, No. 7506, and that Cause No. 7506 contains new and entirely separate allegations of fact as to violations affecting the defendant Floyd Lindsey."

Said stipulation would be equally applicable to the other defendants.

We overrule appellant's Point Five as to their plea of res adjudicata.

No oral evidence was introduced by either party, the case being submitted on stipulations brought forward as the statement of facts. It was further agreed that Jones County, Texas, in which said town of Stamford is located, was and is a dry area.

■ Appellants, defendants below, had filed a motion for continuance on account of illness of defendant Floyd H. Lindsey, who was unable to be present at the trial to testify, alleging that his testimony would be material to the defense of all the defendants. On said motion for continuance, the following stipulation was made:

"Now comes counsel for the State and counsel for the defendants and stipulate that if the witness, Floyd H. Lindsey, were present that he would testify that, as the owner and manager of the Cut Rate Drug Store, that inspectors of the Liquor Control Board, and Jack Miles of said Liquor Board made a search of the premises of the Lindsey Drug Store, being the same premises described in Plaintiff's petition, on or about the 3rd day of October, 1945, and that no liquor was found on the occasion of such search; that searches have been made since April, 1945, and that no liquor was found on said premises on the occasion of those searches; that if Floyd Lindsey were present he would testify as above stipulated and that such testimony would be true."

Upon the basis of said stipulation, both sides announced ready for trial, whereupon the State offered the following additional stipulation:

"The following additional stipulations are made between the parties, subject to the objections of the defendant as to its admissibility, that is, it is agreed that the following evidence, if admitted by the court, is true; and let the records show that this evidence is offered as rebuttal to the testimony of Floyd Lindsey (being the same testimony set forth above) heretofore stipulated between the parties in connection with the Court's consideration of the defendant, Floyd Lindsey's motion for continuance. (Here follows details of three purchases of liquor at said drug store by W. E. Russell, inspector for the Liquor Control Board, the first on August 23, 1945, from defendant E. J. or "Jeff" Davis, the second purchase from defendant R. H. Schumacker on August 25, 1945, and the third purchase from defendant E. J. or "Jeff" Davis on September 3, 1945.)"

Said additional stipulation was admitted by the court, over the objections of defendants, who allege errors, under Point One.

It will be borne in mind that said first stipulation related only to the matter of searches of the said premises, as a result of which, no liquor was found. The State made no admission whatever that sales of liquor were not being made therefrom, or that said premises were not a common nuisance as defined by the Liquor Control Act. The evident purpose of said rebuttal testimony was to show that notwithstanding the fact that searches had failed to find any liquor stored on the premises, sales of liquor were being made from said Drug Store up to within five days of the trial. Said facts justify the conclusion that liquor was hidden in such place as to be readily available when a sale was desired to be made. In the original stipulation, the State admitted nothing except that the searches as made proved fruitless, and we think there was no waiver of the right to prove actual continuing violations. Appellants contend, in effect, that the necessary implication was that there were no such violations, and that such nuisance had ceased to exist. We think that the only implication that could have been drawn was that no liquor was being stored on said premises for purposes of sale at the very time said searches were made, but no implication was permissible that would exclude any other violations.

■ The specific objections urged against said second stipulation by the defendants were (a) that there was no pleading to support the same, and (b) that it was in rebuttal of a prior stipulation. To the first objection, it may be stated that, "The modern tendency is toward greater liberality in the construction of pleadings in order not to require the retrial of a case when justice has been done, and the parties understood what the points in issue were, and the same were submitted to a court or jury." 33 Tex.Jur. p. 636, sec. 182; City of San Antonio v. Bodeman, Tex.Civ.App., 163 S.W. 1043, (error refused). Again it is said: "To determine whether or not a pleading presents a certain issue, it is a safe rule to look at the pleading from the standpoint of the party against whom it is exhibited, and ascertain if the allegations are sufficient to notify him that the evidence offered will be produced, or that he will be called upon to present evidence to meet it." Ware v. Shafer, 88 Tex. 44, 29 S.W. 756, 757; 33 Tex.Jur. 654.

■ In the State's amended petition on which the trial was had, it was alleged that such premises are now, and for several years preceding the filing of said petition were, operated as a common nuisance, as

417

that term was defined by Texas Liquor Control Act and that defendants Floyd Lindsey and wife were aided and assisted therein by defendants, Jeff Davis, R. H. Shumacker and W. H. Plant, as their agents, servants, and employees, as well as individually, and that said premises would continue as a place where the liquor laws of Texas are flagrantly and frequently violated, unless an injunction be granted. Said petition further set out eighteen specific instances of violations through a period of about four years before the filing of the suit, the three violations in controversy having occurred after the filing of said suit.

Of course the controlling issue was as to whether said premises were being maintained as a common nuisance, and by the said defendants. As heretofore stated, the State not only pleaded a past and present common nuisance, but that it would so continue unless enjoined. Appellants were certainly charged with notice that they must meet the issue as to whether a present nuisance existed. No plea to the effect that the nuisance had been abated was filed. We do not think that defendants could claim surprise, which in fact they did not claim, but rested their defense on said unjustified implications, which were contrary to all the facts in the case. We hold that the pleadings were sufficient and sustain the action of the trial court in admitting said evidence. Point One is overruled. See Teal v. State, Tex.Civ.App., 90 S.W.2d 651.

In their second point, appellants allege reversible error by the trial court in rendering judgment against Mrs. Floyd Lindsey because she was not shown to have personally violated the law, but simply owned a community interest in the Drug Store, and because of her knowledge that her husband had been guilty of violations and no evidence of threatened violations by her. A sufficient answer to this is that no personal injunction was granted against her by the trial court, but an injunction in rem was granted against the said store and premises as against all the defendants. The point is overruled.

The third point alleges error in rendering judgment against defendant W. H. Plant, who was shown not to have been employed by said Lindsey for about 60 days prior to date of trial, and no violations by him were shown to have occurred since terminating said employment or threatened violations in the future. As to said defendant, what was said by this court in Jeter v. State, infra, and by the Texarkana Court in Walker v. State, infra, as to failure of a defendant to testify under the circumstances stated is very much in point here. Having pleaded guilty to several violations under said cause No. 6905, his intent as to the future became material. The record is silent as to whether he intended re-entering the employment of said Lindsey, or whether he had determined not to commit any further violations for Lindsey or any other employer, or for himself individually. No reason is shown why he did not advise the court by testifying as to his future intentions.

Being charged with notice that plaintiff would undertake to prove a present and continuing nuisance, the defendants proposed no stipulation, nor offered any evidence to the contrary. Their silence was a circumstance against them. As said by this court in Jeter v. State, Tex.Civ. App., 171 S.W.2d 192, 193:

"Although the appellant Jeter was present in court and confronted with charges embracing different unlawful sales of intoxicating liquor in Taylor County, and with threatening to do so in the future, he offered no testimony whatever and did not take the witness stand and testify. The proceeding against him was civil in nature and the question of his intent with reference to his future conduct was very material. The testimony under consideration was strengthened by the presumption arising from his failure to testify at all upon the issues raised. American General Insurance Co. v. Nance, Tex.Civ.App., 60 S.W. 2d 280; Day v. Williams, Tex.Civ.App., 193 S.W. 239; Wilkirson v. State, 113 Tex. Cr.R. 591, 23 S.W.2d 731; Austin v. State, 113 Tex.Cr.R. 217, 18 S.W.2d 676, 677; Green v. Scales, Tex.Civ.App., 219 S.W. 274; 17 Tex.Jur. 306.

"In the authority first cited (60 S.W.2d 284), the court said: 'While the failure of a litigant to testify is not conclusive against

him, yet it is a circumstance that may be considered in determining an issue upon which the testimony would shed light. The failure of Mrs. Underwood to testify justifies the inference that she refrained, because the truth, if made to appear, would not have strengthened her case. Green v. Scales, Tex.Civ.App., 219 S.W. 274, 276; 22 C.J. 121, 122, § 7.'

"In the Green case (219 S.W. 276) the Court held in part: 'Moreover, with reference to many of the questions raised as to the sufficiency of the evidence to sustain the judgment upon peremptory instruction, it may be said that the failure to produce evidence within a party's control raises the presumption that if produced it would operate against him, and every intendment will be in favor of the opposite party.'

"The rule is stated in 17 Tex.Jur. page 306, par. 87 as follows: 'Usually the force of evidence, though slight, is greatly increased by the failure of the opposite party to rebut it, where it is obvious that the means are readily accessible to him.'"

In the later case of Walker v. State, 173 S.W.2d 741, 742, the Texarkana Court of Civil Appeals, in a case very similar to the one under review said:

"Appellant's principal contention seems to be that, because it was not shown he had violated the law since the suit was filed on May 4, 1942, several months having elapsed between that time and the date upon which the case was tried, nor that he was threatening to make other sales of intoxicating liquors, the presumption of innocence should be indulged in his favor, which necessarily implies he had repented, and, therefore, no injunction should be lodged against him. As we have said, appellant was personally present in court at the trial, as was also his attorney who cross-examined the State's witnesses. Not only did appellant fail to take the stand and deny the charges made against him by the State, but he failed to produce any other witness or testimony of any kind. He knew, of course, whether he intended further to violate the law or had reformed and entertained no such intention. Notwithstanding his peculiar knowledge in that respect, he did not favor the court with his own testimony or furnish any enlightenment whatever in regard to his intentions. Under such circumstances, the courts entertain a presumption that if evidence had been produced by him, it would operate against him and tend to corroborate that which had been offered by the State. Every intendment in favor of the opposite party is favored and indulged by the courts. Jeter v. State of Texas, Tex. Civ.App., 171 S.W.2d 192; Day v. Williams, Tex.Civ.App., 193 S.W. 239; Green v. Scales, Tex.Civ.App., 219 S.W. 274; Austin v. State, 113 Tex.Cr.R. 217, 18 S. W.2d 676; Wilkirson v. State, 113 Tex. Cr.R. 591, 23 S.W.2d 731; American General Ins. Co. v. Nance, Tex.Civ.App., 60 S. W.2d 280."

Appellant's fourth point alleges error in rendering judgment against all the defendants because the last violation alleged by the State occurred on March 14, 1945, since which no violations were shown to have occurred, and that said nuisance, if any, was not shown to have continued or to exist at the time of the filing of this suit. On this point, we mention that there was evidence before the court, which we have held to be admissible, of three separate and distinct violations only a short time before the trial, the last one being five days before the trial.

Appellants rely on the case of Birdett v. State, Tex.Civ.App., 158 S.W.2d 902, decided by this court. But the case under review may easily be differentiated from said Birdett case on the facts. In this case, there was admitted in evidence the fact of three violations of very recent date, all committed subsequent to the filing of the suit, the last violation being only five days before the trial, as hereinabove mentioned. We hold that this evidence was amply sufficient to support the judgment of the trial court.

We overrule Point Four.

Appellee has suggested that we render judgment on the supersedeas bond. We have no proof that the terms and conditions of said bond have been violated, and no showing made such as would justify us in rendering such judgment.

Believing that the trial court rendered the proper judgment in said cause, we affirm the same.

Affirmed.