## BIRDETT et ux. v. STATE.

### No. 2278.

Court of Civil Appeals of Texas. Eastland.

Jan. 16, 1942.

Rehearing Denied Feb. 6, 1942.

C. O. McMillan, of Stephenville, for appellants.

Gerald C. Mann, Atty. Gen., for appellee.

FUNDERBURK, Justice.

On October 24, 1941, this suit was filed in the name of the State of Texas, by its proper officers, against Alton (Lefty) Birdett and wife, seeking a temporary and a permanent injunction. Plaintiff alleged that the defendants had for more than a year resided upon rented premises, which included a four or five-room house, situated in dry territory, and that they had "continuously during said period of time possessed on and at said premises intoxicat-

ing liquors, for the purpose of sale, and have sold same on and from said place and premises in such a manner as to constitute the operation and maintenance of said place as a nuisance, as said term is defined in the Texas Liquor Control Act. * * * [That] the defendants operated, managed, and controlled said place and premises as a place where the liquor laws of the State of Texas are violated, openly, notoriously, and flagrantly by the defendants herein, together with their servants, agents, employees, aides and associates, and that said place and premises is operated by the said defendants in the following manner and the Texas Liquor Control Act has been violated in the following instances, among others, to-wit:" Then follow allegations to the effect that on or about June 4, 1941, defendants, upon said premises, sold two pints of whiskey; on or about June 18, 1941, one pint of whiskey; on or about June 13, 1941, one pint of whiskey and on or about June 14, 1941, one pint of whiskey to J. A. McBride. Further, that on or about July 1, 1941, the defendants at said place and upon said premises "unlawfully possessed for the purpose of sale" 18 cans of beer and one pint of whiskey.

It was further alleged: "That the place and premises now occupied by * * * defendants is a place where the liquor laws, namely, prohibition, as provided for in the Texas Liquor Control Act, Vernon's Texas Annotated Penal Code, Arts. 666—1 to 667—27, prohibiting the distribution of, storage of and handling of, alcoholic beverages in local option dry territory have been violated. That the said defendants, and each of them, are living at the above described place and premises and have continuously possessed beer and whiskey for the purpose of sale and have continuously sold same, in violation of law and in such manner as to constitute the maintenance and operation of the place and premises herein a nuisance, as said term is defined by the Texas Liquor Control Act. That unless enjoined from so operating and maintaining said place and premises, as a nuisance, and as a place where liquor is sold in violation of law, by this honorable court, the defendants * * * will continue to so operate and maintain said place and premises."

A temporary injunction, upon notice and hearing, was prayed for "enjoining and restraining them [defendants] from unlawfully selling whiskey, and unlawfully possessing same for the purpose of sale on and from the premises * * * and from operating and maintaining said place and premises as a nuisance, as said term is defined by the Texas Liquor Control Act, and from violating the provisions of said Act within the boundaries of Erath County, Texas." The permanent relief prayed for was a "permanent injunction" and that the court order "the place * * * closed and padlocked for a period of one year, from the date of final judgment, or unless and until the defendants * * * make and post a bond in the penal sum of not less than One Thousand Dollars ($1,000) * * * and further that plaintiff has [have?] judgment against the defendants herein for all costs of court * * * and for such other and further relief, in law and in equity, to which plaintiff may show itself justly entitled."

After notice and hearing, the court, on October 31, 1941, granted a temporary injunction restraining the defendants, their servants, agents, employees and associates, "from unlawfully selling, possessing for the purpose of sale, offering for sale, manufacturing or bartering or giving away in violation of law, beer and whiskey and any and all kinds of alcoholic beverages, as defined by the Texas Liquor Control Act, and from violating the provisions of the Texas Liquor Control Act in any manner in Erath County, Texas, until the further order of this court; and that said defendants herein be cited to appear and answer plaintiff's petition at the next term of this court, then and there to show cause why a temporary injunction herein should not be made permanent."

From such interlocutory judgment granting the temporary injunction, the defendants have appealed, and upon motion the submission of the cause in this court was advanced.

Appellants contend, in effect, that the undisputed evidence showed that the acts complained of had been fully accomplished prior to the filing of the suit; that there was no evidence of any present violation "or future [sic] violation" of the Texas Liquor Control Act and that, therefore, it was error for the court to grant the temporary injunction. The only evidence of a nuisance or of any violation of the Texas Liquor Control Law was that the defendants, upon said premises, sold whiskey to J. A. McBride as follows: On June 4, 1941, two pints; on June 13, 1941, one

pint; on June 13, 1941 (later) one pint, and on June 18, 1941, one pint; and on July 1, 1941, upon a search of the premises, one pint of whiskey, and 18 cans of beer were found and confiscated. The suit was filed October 24, 1941, or about 3 months and 24 days after all the liquor and beer on the place had been removed from the premises.

Unless the above evidence, in and of itself, creates a presumption that on October 24, 1941, the defendants were threatening to create a nuisance, or to violate one or more provisions of the Texas Liquor Control Law, then it was necessary that there be some evidence thereof. There is a rule—the operation of which, and qualifications upon same, we need not here consider—to the effect that a status or condition once shown to exist is presumed to continue; but we do not think that that rule is applicable to law violations. The presumption of innocence obtains which necessarily implies that a former wrongdoer has repented.

It is, therefore, our conclusion that there was no evidence that upon October 24, 1941, the defendants were threatening to create or maintain a nuisance, or were threatening to violate any provision of the Texas Liquor Control Law. It would have required very little further evidence to raise an issue of the fact, but that little, it seems to us, was wholly lacking. For example, evidence of a declaration of the defendants of a purpose to do so, or evidence of suspicious circumstances existing up to the time of filing suit, such as, for example, of cars driving up to the place, the same as before, etc. The last law violation of which there was any evidence was June 18, 1941. The fact that upon a search of the premises on July 1, 1941, one pint of whiskey and 18 cans of beer were found and confiscated was in itself no evidence that whiskey or beer was kept for the purpose of sale or any other unlawful purpose. According to various provisions of the statute, the possession of such quantities of beer or whiskey would create no such presumption. Vernon's Texas Annotated Penal Code, Arts. 667—3b, 667—25; 666—23a.

Under the evidence, the inference is just as reasonable—and at the same time consistent with the presumption of innocence—that upon the discovery and confiscation of the pint of whiskey and 18 cans of beer on July 1, 1941, the defendants abandoned their unlawful business and any intention to further pursue it as an inference to the contrary. Upon authorities cited in Texas Pac. Fidelity & Surety Co. v. Hall, Tex.Civ.App., 101 S.W. 2d 1050, 1052, we concluded that "if an inference consistent with the existence of a fact in issue is but equally as valid as an inference of its nonexistence, then the jury may not determine the question. * * * There must be evidence to support the conclusion that the inference of the particular fact is the more reasonable." Paris & M. P. R. Co. v. Russell, Tex.Civ. App., 104 S.W.2d 650; Safety Cas. Co. v. Walls, Tex.Civ.App., 117 S.W.2d 879; National Aid Life Ass'n v. Driskill, Tex. Civ.App., 138 S.W.2d 238. That principle is thought to be applicable here and tends to the conclusion that the evidence did not raise an issue of the essential facts.

It is, therefore, our conclusion the evidence did not warrant the action of the court in granting the temporary injunction, that the judgment should be reversed and the cause remanded. It is accordingly so ordered.