THE STATE OF TEXAS V. ALTON (LEFTY) BIRDETTE ET UX.

No. 7971. Decided May 27, 1942.
Rehearing overruled June 24, 1942.
(162 S. W., 2d Series, 932.)

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus, Pirtle W. Watts,* and *Ocie Speer,* Assistants Attorney General, and *Sam Cleveland* and *Clint A. Barham,* both of Stephenville, for petitioner.

It was error for the Court of Civil Appeals to hold, by implication, that there was actually an insufficiency of evidence to support the judgment and order of the court granting the temporary injunction. Dallas Jt. St. Land Bank v. Harrison, 135 S. W. (2d) 573; Miller v. Dyess, 151 S. W. (2d) 186; McCullough v. McCullough, 20 S. W. (2d) 224; Harper v. Thompson, 292 S. W. 263.

*C. O. McMillan, G. H. Williamson* and *Chas. Nordyke,* of Stephenville, for respondents.

The undisputed evidence showing that the acts complained of had been fully accomplished prior to the filing of this suit and there being no evidence of any present violation or future violation of the Texas Liquor Control Act it was error for the court to grant the temporary injunction. Spears v. City of Houston, 137 S. W. (2d) 197; 24 Tex. Jur. 147.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an injunction action filed in the District Court of Erath County, Texas, by the State of Texas, acting by its proper officers, against Mr. and Mrs. Alton (Lefty) Birdette. The State's petition seeks both a temporary and a permanent injunction against Mr. and Mrs. Birdette, restraining them, and each of them, from violating the Texas Liquor Control Act in Erath County, and in and on certain described premises in such county. The State's petition is duly verified. It seeks no temporary injunction, except upon notice and hearing. In this connection, the petition prays:

"WHEREFORE, premises considered, plaintiff prays that this Honorable Court grant an order ordering the district court to notify the defendants Alton 'Lefty' Birdette and Mrs. Alton 'Lefty' Birdette to be and appear before this court on the 30th day of October, A. D. 1941, then and there to show cause, why a temporary injunction should not be granted against them and each of them, enjoining and restraining them from unlawfully selling whisky and unlawfully possessing same for the purpose of sale on and from the premises herein described

and from operating and maintaining said place and premises as a nuisance, as said term is defined by the Texas Liquor Control Act and from violating the provisions of said act within the boundaries of Erath County, Texas, at the courthouse in the City of Stephenville, Erath County, Texas."

Upon the presentation of the above petition to him, the Judge of the District Court of Erath County, Texas, entered a show cause order, and set the trial on the application for temporary injunction for October 30, 1941, at Stephenville. Notices to Mr. and Mrs. Birdette were duly issued.

It appears that the trial on the application for temporary injunction only was had on October 31, 1941. Mr. and Mrs. Birdette duly answered by written answer, and were represented at the trial by counsel. At the trial the State assumed the laboring oar. Only State witnesses were heard. The material evidence offered by the State shows: That on June 4, 13, and 14, 1941, respectively, J. A. McBride, an employee of the Texas Liquor Control Board purchased a pint of whiskey from Mr. Birdette; that on June 13, 1941, McBride purchased a pint of whiskey from Mrs. Birdette; and that such purchases were made on the premises described in the State's petition, in Erath County. It is then shown that on July 1, 1941, the Birdette's premises were searched by authority of a search warrant, and one pint of whiskey and eighteen cans of beer were found thereon. As shown by the Court of Civil Appeals, the possession of this quantity of intoxicating liquors was not prima facie a violation of law. The whiskey and beer last above mentioned were taken by the officers making the search. It is shown that Erath County, as a whole, was local option territory, wherein the sales of all kinds of intoxicating liquors were prohibited. The State's petition was filed on October 24, 1941, some three months and twenty-three days after the search of the defendants' premises, and more than four months after the last sale by either of the defendants. No violation of law was disclosed by the search of the defendants' premises. In fact, no violation of law was shown for some four and one-half months prior to this trial.

Acting on the above evidence, the district court issued a temporary injunction, enjoining Mr. and Mrs. Birdette from violating the Texas Liquor Control Act in any place in Erath County. On appeal by the Birdettes to the Eastland Court of

Civil Appeals, that court reversed the judgment of the district court and remanded this cause for a new trial. 158 S. W. (2d) 902. The State brings error.

The opinion of the Court of Civil Appeals holds that the evidence contained in this record is legally insufficient to support the judgment of the trial court. Based on such holding, the Court of Civil Appeals reversed and remanded.

■ By its first point of error the State contends that the Court of Civil Appeals erred in reversing and remanding this cause on the finding of no evidence, because under the provisions of the Liquor Control Act, Article 667-27, Penal Code, the trial court could have issued a temporary injunction on the State's petition alone, and without a hearing. We are of the opinion that even if it should be assumed that the trial court could have done this, still the State is in no position to urge such power here, for the reason that the State's petition, as shown by the part above quoted, expressly prayed for a temporary injunction upon notice and hearing.

■ It is true that Article 667-27, Penal Code, authorizes temporary injunctions or restraining orders without a hearing, but it does not compel such. At this point we call attention to the fact that the Texas Liquor Control Act, Article 666-29, Penal Code, provides: "Such proceedings shall be guided by the rules of other injunctions, * * *." Rule 681, Texas Rules of Civil Procedure, provides: "No temporary injunction shall be issued without notice * *." Rule 680 provides for the issuance of temporary restraining orders to expire within ten days. The order here involved is a temporary injunction, and no contention is made that it is a temporary restraining order, as defined by Rule 680, supra. We here note that this case was tried after the effective date of Texas Rules of Civil Procedure. Finally, we think that the general rules of civil procedure relating to the issuance and enforcement of injunctions and restraining orders by the district courts would have to apply to injunction and restraining order proceedings under the Texas Liquor Control Act, as otherwise there are no procedural rules governing such proceedings.

■ The opinion of the Court of Civil Appeals, in effect, holds that the evidence contained in this record is legally insufficient to support the judgment of the trial court. As already shown, in response to this holding, the Court of Civil Appeals reversed

the judgment of the trial court and remanded this cause for a new trial. The Court of Civil Appeals having found that there are no facts in this record to sustain this judgment, and that court being invested with power to determine the facts of the case and set aside the judgment of the trial court on the facts and remand for a new trial, it must be assumed that, in reaching the conclusion that there are no facts to sustain this judgment, and for that reason ordering a remand of this case, the Court of Civil Appeals would have held this judgment was not supported by sufficient evidence. Simply stated, where the Court of Civil Appeals finds no evidence, and on that account reverses and remands, it will be assumed that the finding of no evidence includes a finding of insufficient evidence. The jurisdiction of the Court of Civil Appeals is final on the issue of sufficiency of evidence. Maddox Motor Co. v. Ford Motor Co. (Com. App.) 23 S. W. (2d) 333; Tweed v. Western Union Tel. Co., 107 Texas 247, 177 S. W. 957; Pollock v. Houston & T. C. R. R. Co., 103 Texas 69, 123 S. W. 408.

The judgment of the Court of Civil Appeals, which reverses the judgment of the district court, is affirmed.

Opinion delivered May 27, 1942.

Rehearing overruled June 24, 1942.