**VANCE et ux. v. STATE.**

No. 13527.

Court of Civil Appeals of Texas. Dallas.

Feb. 11, 1944.

Rehearing Denied March 10, 1944.

A. F. Nossaman, of Sherman, for appellants.

Grover Sellers, Atty. Gen., and Eugene Alvis, Jesse Owens, and George W. Barcus, Asst. Attys. Gen., and J. S. Kone, Co. Atty., of Sherman, for appellee.

BOND, Chief Justice.

This suit was instituted on August 16, 1943, by the Attorney General and the District Attorney of Grayson County, Texas, in name of the State, under provisions of the Texas Liquor Control Act, Title 11, Chap. 8, Art. 666—1 et seq., Vernon's Ann. P.C., for temporary and permanent injunction and an order for defendants to appear and show cause why a temporary injunction ad interim should not be issued, enjoining and restraining them, their agents, employes, aids, associates, lessees and sublessees from selling and offering for sale intoxicating liquors, and from maintaining and assisting in maintaining a nuisance, as defined in the Act, until further order of the court; and, on hearing to the merits, the temporary injunction be made permanent, and defendants' residence, where the offenses are alleged to have occurred, be closed and padlocked for a period of one year from final date of judgment, or until the owners, occupants, tenants or lessees thereof shall give bond in such amount and on such condition as provided by law.

Plaintiff's petition is duly verified by oath, and recites that defendants have been continuously and persistently for more than two years prior to the filing of the suit engaged in selling and possessing for sale intoxicating liquors in violation of law in Grayson County, and for the past several months next preceding the filing of suit have operated and maintained their premises openly, notoriously and flagrantly as a nuisance, and will continue to do so in violation of law unless restrained. Attached to the petition is the affidavit of a deputy supervisor for the Texas Liquor Control Board, wherein he relates various occasions (giving dates, places and parties) when and

where defendants have unlawfully sold and possessed whiskey for sale in violation of law, and have maintained their residence to carry on such unlawful business, reciting specifically that Louise Vance, on July 1, 1943, sold whiskey to Burl Lynn; on July 2, 1943, Hiram Vance sold whiskey to Burl Lynn; on March 6, 1943, Hiram Vance sold whiskey to some soldiers and on said dates, Hiram and Louise Vance possessed whiskey at their residence for the purpose of sale; on January 6, 1941, Hiram Vance possessed liquor at their home for the purpose of sale; on August 10, 1941, Hiram Vance sold whiskey to Marylyn Leslie; on August 10, 1941, Hiram Vance sold whiskey to Tom A. Gardner; on August 27, 1941, Hiram Vance sold whiskey to John R. Ponder; on August 29, 1941, Hiram Vance sold whiskey to John R. Ponder; on September 3, 1941, Hiram Vance sold whiskey to John R. Ponder; on May 7, 1942, Hiram Vance sold whiskey to C. O. Morris; on May 16, 1942, Hiram Vance sold whiskey to Leon Bowman, and on various other dates up to the time of filing of suit, the defendants have maintained their premises for the purpose of selling and possessing for sale whiskey in violation of law.

 Upon presentation of the petition to him, the Judge of the 57th District Court of Grayson County, on August 16, 1943, entered an order commanding the defendants to answer and appear before him to show cause, if any they had, why a temporary injunction should not be granted on relator's petition, effective until further orders of the court. Notices to defendants were duly issued and served, and on August 30, 1943, the defendants filed answer consisting of demurrers and general denial, otherwise not challenging plaintiff's allegations of specific offences by them, and in no way disclosing their intentions as to further selling or possessing for sale intoxicating liquors, or the maintaining of such nuisance in Grayson County or elsewhere. In ordinary cases involving civil and property rights, a general denial in a defendant's answer places the burden of proof upon plaintiff to establish by legal evidence all allegations in his petition, necessary to sustain judgment in his favor; and it will be observed that, in this instance, the State assumed the burden, notwithstanding its verified petition showing specific instances of violations of law. So, in the light of this record, we think the court would have been justified in issuing the interlocutory injunction on the strength alone of plaintiff's bill of particulars; at least, no harm would have been done defendants by such order, as no property rights were involved in the temporary order. However, plaintiff did not rely exclusively upon its verified petition; on hearing, it presented proof that defendants had persistently and continuously violated the liquor law of this State, and, at their home in Grayson County, on numerous specific occasions, had sold whiskey and possessed whiskey for sale, and had maintained a nuisance as denominated by the Texas Liquor Control Act. We think it unnecessary to detail the testimony; suffice to say, it shows without dispute that defendants sold whiskey to many of the parties named in plaintiff's petition, and possessed whiskey for sale at their place of residence in Grayson County, that the defendant Hiram Vance had plead guilty and paid several $100 fines assessed against him by the courts of Grayson County, and that both defendants had been seen to sell whiskey to various other parties unknown to witness. True, the "intention" of defendants as to their future course was an issue which necessarily could only be presumed from past acts; and where persistent, continuous acts of law violation were shown without dispute, it may well be held that such conduct of defendants would continue; especially, where the punishment assessed against the husband apparently failed to effect reformation of the offenders.

Our Penal Code (Art. 2) provides that the object of punishment in criminal cases is to suppress crime and reform the offender. Thus, the defendants having been hailed into court on complaint of violating the liquor law, and the husband fined $100 and cost of court on numerous occasions, as disclosed by uncontroverted testimony, little, if any, presumption need be indulged that defendants have reformed, or that their intentions are other than to continue their unlawful business. Indeed, it was within the power of defendants to show by deeds or acts in preparation, their purpose to change from past unlawful conduct to useful and lawful pursuits; but they did not see fit to do so, either in pleadings or proof; and even had they testified they did not intend to further violate the law, such oral expression alone would not overcome the legal presumption in this case.

■ Appellants contend that the presumption of innocence should be indulged in their favor, which implies that they have reformed, hence no temporary injunction should have been granted; especially so, as defendant Hiram Vance was unable to attend the hearing because of illness, to give testimony that he did not intend to again violate the liquor laws of the State. The State admitted that defendant was sick, unable to attend court, and that he would testify as claimed by defendants. In ordinary civil actions, such showing would appeal to a trial judge to continue or postpone the hearing, and where civil or property rights are involved, a refusal of such motion would clearly be an abuse of judicial discretion; but no such rights are involved here. It will be observed that defendants were represented by counsel, filed answer, and that the wife of defendant was in attendance upon court during the hearing; she did not testify. Manifestly, the wife knew whether she and her husband intended to further violate the law, or had reformed, and could have testified relative thereto, detailing some act or deed of the two, showing that they entertained no idea of resuming a life of law violations. The court was not favored with her knowledge of their intention, and their answer, filed in obedience to the order of court, furnished no enlightenment in regard to same, hence the court evidently entertained the presumption that their past acts afforded evidence of further violation. Every intendment in favor of the opposite party was favored and indulged by the court. Under the circumstances, the trial court did not err in overruling the motion to continue the cause; the defendants not having been deprived of any civil or property right by the interlocutory order, the district judge, under Art. 667—27, P.C., was authorized to issue the restraining order without the presence of the defendant, to prevent threatened or further violations of the liquor laws by defendants. Walker v. State, Tex.Civ.App., 173 S.W.2d 741.

Judgment affirmed.