## LORANCE v. STATE.

### No. 13535.

Court of Civil Appeals of Texas. Dallas.

April 7, 1944.

O. H. Woodrow, of Sherman, for appellant.

Grover Sellers, Atty. Gen., and Eugene Alvis, Jesse Owens, and George W. Barcus, Asst. Attys. Gen., and J. S. Kone, Co. Atty., of Sherman, for appellee.

YOUNG, Justice.

This appeal is from an order of temporary injunction. On July 20, 1943, State of Texas, acting through its proper officials, instituted suit against defendant Lorance for alleged violation of the Liquor Control Act, Vernon's Ann.P.C. Art. 666—1 et seq. Specific provisions of Subd. 29, Art. 666, and 27, Art. 667, were invoked, seeking temporary injunction after notice, and permanent restraint upon trial to the merits.

The petition, in substance, alleged that defendant resides at 207 East Morgan Street, Denison, on and from which place said Lorance had openly violated the law relative to possession and sale of intoxicating liquors, constituting such premises a nuisance, as defined by the Act; and in affidavit of E. O. Goen attached thereto are detailed five instances of unlawful possession or sale over a period from March 11 to June 30, 1943. Further representations were that defendant was violating the Act at other places in Grayson County and would continue to maintain said nuisance and otherwise engage in unlawful liquor sales unless enjoined. A twenty-day notice issued to show cause on temporary injunction, but was not heard until November 29, 1943. At such time, after appearance of parties and introduction of evidence, the hearing was passed without prejudice to December 13, when a jury was impaneled and the case tried to the merits, i. e., on prayer for permanent injunction. The jury failed to agree on the single issue submitted, viz: "Do you find from a preponderance of the evidence that A. J. Lorance will unless restrained from doing so, violate any of the provisions of the Texas Liquor Control Act in Grayson County?"; a mistrial being declared and jury discharged.

Thereafter, on December 18, 1943, appellee, by supplemental pleading, renewed its application for temporary injunction on the evidence adduced at the two hearings, which was by the court granted, enjoining defendant from maintaining a nuisance at or ·from aforesaid premises, and from violating any of the provisions of the Liquor Act in Grayson County; the restraint to continue until further orders in said cause.

Appellant's first point of error, as we understand it, is this: The State having proceeded to final trial, with a jury disagreement on the only issue submitted to them, the same remained a jury question which the court could not thereafter decide under the same evidence when the jury had been unable to do so; even upon temporary injunction. The proposition is overruled. Upon mistrial, the cause remained a pending lawsuit on the docket, subject to the court's interlocutory orders, the matter of permanent injunction, only, to be determined by jury; Campbell v. Peacock, Tex.Civ.App., 176 S.W. 774. The trial court must frequently pass in a preliminary way upon issues that become the jury's province on final trial; and Judge Holt was well within his powers in making the temporary order, if warranted by the record. In this connection, appellant challenges the order made as having no support in the testimony; and we quote from his second point: " * * * the only evidence being that the appellant, A. J. Lorance, had not violated any of the provisions of the Texas Liquor Control Act since *September 4, 1943* (the hearing being held on December 18, 1943) and that he was not now threatening to violate any of the provisions of the Texas Liquor Control Act and had no intention of violating any of its provisions in the future * * *" (Emphasis ours.)

Grayson County is a dry area, within the meaning of the law. By stipulation, defendant admitted the truth of allegations that on June 30, 1943, he had unlawfully sold to C. T. Uselton, at 207 East Morgan Street, two half pints of whiskey; also admitting possession of intoxicating liquor for the purpose of sale on the four other occasions between March 11 and May 13. Introduced in evidence by the State, on charges either of unlawful possession or of sale, were judgments of conviction of date March 12, May 17, May 22, June 4, July 27, September 7 and September 17, 1943; and, in the jury trial of December 13, B. R. Allen, deputy liquor inspector, F. O. Mangrum and Sam York, deputy sheriffs, testified that they together had watched defendant's house on Satur-

day night previous (December 11). As they drove up, a car was leaving the premises, and during a thirty-minute interval, two other cars came up, someone getting out, going up on the porch, the house lights coming on, the parties staying a short time and leaving, the lights going out. On the other hand, defendant swore that he was not then threatening to violate any provisions of the Texas Liquor Control Act, and had no intention of violating same prior to final trial.

The trial court was fully authorized to consider all evidence adduced at the two hearings upon the renewed application for temporary injunction. An issue of threatened and future violations was thus clearly raised, the mistrial having no particular bearing on appellee's right to intermediate injunctive relief.

It is vigorously argued that this record presents instances of past violations only, therefore is insufficient basis for interlocutory order of injunction; citing Birdett v. State, Tex.Civ.App., 158 S. W.2d 902, affirmed by Supreme Court, State v. Birdette, 139 Tex. 357, 162 S.W. 2d 932, where the illegal acts antedated the lawsuit. But the instant situation is quite dissimilar. Here, three convictions are shown *after* filing of suit; and the unexplained activities involving defendant's premises on eve of trial bring the facts at bar well within the ruling of Birdett's case, where the Eastland Court held, in part [158 S.W.2d 904]: "It is, therefore, our conclusion that there was no evidence that upon October 24, 1941, the defendants were threatening to violate any provision of the Texas Liquor Control Law. It would have required very little further evidence to raise an issue of the fact, but that little, it seems to us, was wholly lacking. For example, evidence of a declaration of the defendants of a purpose to do so, *or evidence of suspicious circumstances existing up to the time of filing suit, such as, for example of cars driving up to the place, the same as before,* etc." (Emphasis ours)

Moreover, defendant's testimony, both in credibility and weight, was for the court, 45 T.J., Witnesses, § 355, p. 294; including, of course, aforesaid exculpatory statement that he was neither threatening nor intending to violate the law, prior to a jury trial on the merits.

Finding no error in the proceedings under review, the court's order of temporary injunction was proper and must be affirmed.

Affirmed.