## HODGES et ux. v. STATE.
### No. 9591.

Court of Civil Appeals of Texas. Austin.
Oct. 30, 1946.

Paul Petty, of Ballinger, for appellants.

Grover Sellers, Atty. Gen., Brandon Bickett, Asst. Atty. Gen., James Anderson, Jr., Asst. Atty. Gen., Geo. W. Barcus, Asst. Atty. Gen., and Roy L. Hill, County Atty., of Ballinger, for appellee.

BAUGH, Justice.

The State, through the Attorney General and the County Attorney of Runnels County, brought this suit against the appellants, who operated a restaurant or cafe in the town of Winters, Runnels County, to abate an alleged nuisance, enjoin the future sale of intoxicating liquors, and padlock their place of business, under the provisions of Sec. 29 of the Texas Liquor Control Act, Vernon's Ann.P.C. Art. 666, Secs. 1–51. After due notice and hearing on August 6, 1946, at which all parties appeared, and in a trial to the court without a jury, the court granted a temporary injunction restraining appellants from selling, offering for sale, or possessing for sale, in violation of the Texas Liquor Control Act, any intoxicating liquors in any manner, anywhere within the limits of Runnels County; hence this appeal.

Two grounds of error are asserted: 1. That the judgment is not authorized by the evidence; and 2. That it is erroneous in that it fails to set forth the reasons for its issuance as required by Rule 683, Texas Rules Civil Procedure.

On the first question, the record shows: That Runnels County is dry territory. Cecil Hodges operated a restaurant or cafe in the town of Winters in said county, in which his wife occasionally helped him. C. A. Collie, inspector for the Liquor Control Board, testified that on the morning of June 26, 1946, he went to appellants' place of business and purchased from Cecil Hodges a pint of whiskey, and returned later on the same day and purchased from him another pint. That on the morning of June 27, he went again to the same place and purchased a pint of whiskey from Mrs. Cecil Hodges, returning that afternoon and purchased from her another

pint. On June 28, 1946, said place of business was searched under a warrant duly issued, and one pint and two half-pints of whiskey found on the premises and seized.

This suit was filed on July 22, 1946, and tried on August 6. There was no evidence of any sales prior to June 26 and 27, and none of subsequent sales prior to trial hereof. Nor was there any evidence of any convictions of either of said appellants at any time for violation of said Liquor Control Act. Both appellants testified, denied that they had ever sold said witness any intoxicating liquors, and that they had no intention of selling liquor in the future. Cecil Hodges testified that he purchased whiskey in small quantities about twice a week, but that he drank it himself and did not sell it. Collie testified that on June 27, when he purchased liquor from Mrs. Hodges, Cecil Hodges was then asleep on a cot in the building under the influence of liquor.

■ This is the substance of all of the testimony offered. Appellants rely primarily on the decision in Birdett v. State, Tex.Civ.App., 158 S.W.2d 902, affirmed by the Supreme Court in State v. Birdette, 139 Tex. 357, 162 S.W.2d 932. The evidence wholly failed, under the holding in the Birdette case, to show that appellants' place of business constituted a nuisance. The quantity seized on the premises did not, under the Liquor Control Act, constitute any evidence of a purpose to sell such liquor. Nor was there any evidence, circumstantial or otherwise, of any intention or purpose on the part of the appellants, subsequent to June 27 to continue to sell intoxicants illegally. Both appellants took the stand and testified to the contrary. The only evidence of such a purpose and intent was that they had done so on June 26 and 27, more than a month before. Under the Birdette case, this was insufficient to warrant the issuance of said injunction.

The other point is also well taken. Rule 683, Texas Rules Civil Procedure, requires that "Every order granting an injunction * * * shall set forth the reasons for its issuance * * *."

While the Texas Rules of Civil Procedure relating to injunctions in large measure follow the Revised Civil Statutes relating to that subject, Rule 683 is taken from Sec. (d) of Federal Rule 65; which in turn is practically a reiteration of the Federal Statute on the subject. See Title 28 U.S.C.A. § 383. While the United States Supreme Court, in passing upon failure of a trial court to comply with that Federal Statute has held that such failure does not render an injunction void (Lawrence v. St. Louis-San Francisco R. Co., 274 U.S. 588, 47 S.Ct. 720, 71 L.Ed. 1219, 1223); that court has repeatedly emphasized the importance of complying with it so that both the courts and the litigants may know upon what facts and conclusions the trial court acted. And in Railroad Commission of Wisconsin v. W. G. Maxcy, Receiver, 281 U.S. 82, 50 S.Ct. 228, 74 L.Ed. 717, the cause was reversed for failure of the trial court to comply with said rule. In that case the court stated: "This court has repeatedly adverted to the importance in a suit of this character of a statement by the District Court of the grounds of its decision," citing numerous decisions.

■ It must be assumed that the Supreme Court of Texas in promulgating said rule, was cognizant of and adopted the interpretation placed upon it by the Federal Courts. While failure to comply with it in some instances may result in no injury; nevertheless, it was obviously intended to insure extreme care by trial courts in granting injunctions; to require an affirmative showing of a sound basis for doing so; and to inform both courts and litigants the specific grounds on which such decree is based. It is important, therefore, that such rule be followed.

■ In the instant case the court made no specific findings in its order and did not state any reasons for its issuance. Failure to do so constitutes reversible error.

The temporary injunction appealed from is dissolved; and the cause is remanded.