## WINFIELD v. STATE.
### No. 14242.

Court of Civil Appeals of Texas. Dallas.

June 23, 1950.

Justice, Moore & Justice, Athens, for appellant.

Price Daniel, Atty. Gen., Clyde B. Kennelly and Joe S. Moore, Asst. Attys. Gen., John Dowdy, District Atty., and Jean Day, County Atty., both of Athens, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment of the District Court of Henderson County, Texas, entered on trial to the court without a jury, restraining appellant (defendant) Sylvester Winfield, his servants, agents, employees, aides, associates, lessees, and sublessees, and each of them, from unlawfully selling or offering for sale, or possessing for purpose of sale, any and all alcoholic beverages in Henderson County, a dry area of this State.

The suit was instituted by the District and County Attorneys of Henderson County in name of The State of Texas, on November 18, 1949, on petition sworn to by Jess Sweeten, Sheriff, under Article 667—27, Vernon's Penal Code of Texas, alleging numerous violations of the Texas Liquor Control Act, as well as the dates of such offenses committed by the defendant over a period of several months preceding the filing of this petition.

There is in record evidence that on July 2, 1949 the defendant, in Henderson County, unlawfully possessed for the purpose of sale a quantity of alcoholic beverages, to wit, whisky and wine, to which he pleaded guilty to the complaint, information and judgment for such violation, and suffered payment of a fine of $100; and on October 19, 20, and 21, 1949, respectively, the defendant sold a quantity of whisky to one J. B. Bane, Inspector for the Texas Liquor Control Board, for which offenses complaints are on file. There is the further testimony offered by plaintiff that the defendant bears the reputation in and about Athens and in Henderson County of being engaged in the unlawful liquor business in said County.

In defense, the defendant testified in effect that he had atoned for the offenses of July 2, 1949, and since that time has not directly or indirectly engaged in any violation of the State Liquor Laws, and that he did not intend to do so in the future. He denied seriatim the sales of liquor as testified to by the State's witness Bane, and offered evidence supporting his defense of alibi on said occasions by several witnesses to the effect that the defendant was not present in Henderson County, but was in Dallas County on two of the occasions and in Tyler, Smith County, on the other occasion.

Manifestly, from the judgment from which this appeal is prosecuted, the district judge, trier of facts, disbelieved the evidence offered by defendant and his alibi supported by witnesses, and did believe that of the State,—which he had a clear right to do. The evidence of former conviction and offenses of October 19, 20, and 21, 1949, clearly support the judgment of the Court. The credibility and weight of the testimony was for the court.

The rule of law followed by the great majority of Texas courts is that a status or condition once shown to exist will be presumed to have continued until abatement is shown. True, indeed, the "intention" of the defendant as to his future course was an issue which necessarily could only be presumed from his past acts; and it may well be held that such past conduct of the defendant would continue, especially so,

898

where the punishment assessed against the defendant for the July offenses apparently failed to effect reformation. Appellant's contention seems to be that, because it was not shown by credible witnesses that he had violated the law since the July offenses, or that he was threatening to make other sales of intoxicating liquors, the presumption of innocence should be indulged in his favor, which necessarily implies he had repented. Under the circumstances revealed by this record, the trial court entertained a presumption that he had not repented,—thus indulged the intendment against his contention. Jeter v. State of Texas, Tex.Civ.App., 171 S.W.2d 192. In any event, no harm could come to the defendant by the injunction restraining him from further violation of the Liquor Law, since no property rights are involved. Vance v. State, Tex.Civ.App., 179 S.W.2d 436, writ refused, n. r. e. To prevent further violation of the Liquor Law of this State, supra, the district court is empowered to issue injunction.

The judgment of the court below is affirmed.