**McCLAIN et ux. v. STATE.**

No. 2835.

Court of Civil Appeals of Texas. Eastland.

Jan. 12, 1951.

Rehearing Denied Feb. 2, 1951.

Wm. O. Breedlove, Brownwood, for appellants.

David J. Morris, County Atty., Brownwood, C. B. Kennelly, Asst. Atty. Gen., for appellee.

GRISSOM, Chief Justice.

This suit was filed on July 19, 1949. On August 25, 1949, the State filed an amended petition complaining of Neil McClain and wife, "Louise." The State alleged that Brown County was a dry area in which the sale and possession of intoxicating liquors for the purpose of sale was prohibited. The State sought to enjoin defendants and their employees from maintaining a common nuisance at a place described, which was an army building used as a dance hall known as "Neil's Place," on the Brownwood-Coleman Highway in Brown County. The State alleged said premises were then, and for several months had been, operated

and maintained as a common nuisance and that Neil McClain was threatening to and would continue violating the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666–1 et seq., and to use said building as a place where the liquor laws were violated unless enjoined from so doing; that defendant "Louise" McClain was made a party because of her interest in the premises. It was specifically alleged that Neil McClain at said place unlawfully sold whiskey to H. W. Spencer on August 7, 1949; that he sold whiskey there to James E. Dale on the 6th of August, 1949; that on June 18, 1949, he unlawfully possessed whiskey and gin for the purpose of sale at said place; that on the 6th of August, 1948, Neil McClain unlawfully possessed whiskey and gin at said place for the purpose of sale and that on the 28th of March, 1948, he unlawfully possessed whiskey for the purpose of sale at said place; that on the 23rd of November, 1947, the 19th of November, 1947, the 17th of October, 1947 and on the 14th day of August, 1947, he unlawfully possessed whiskey for sale at said place, wherefore, the State prayed that Neil McClain and wife, "Louise" be enjoined from maintaining a common nuisance at said place and that Neil McClain, his agents, servants and employees be enjoined from selling and offering for sale intoxicating liquors at said place and that the building be padlocked for one year.

The jury found that (1) Neil McClain sold whiskey at said place to Spencer on August 7, 1949; (2) and to Dale on the 6th of August, 1949, as alleged. (4) It also found that on the 19th of July, 1949, the day this suit was filed, Neil McClain intended to thereafter sell or possess for the purpose of sale intoxicating liquors in Brown County; (5) that Neil McClain, at the time of the trial, expected and intended thereafter to sell and possess for the purpose of sale whiskey or intoxicating liquors in Brown County.

The judgment recited said findings and also that the court found from the undisputed evidence that Neil McClain and wife, Winnie McClain, owned the building known as Neil's Place; that said building was maintained by Neil McClain as a common nuisance from December, 1947, until August, 1949, and that he had been guilty of violating the Liquor Control Act in so maintaining said building. The court found that one month prior to July 19, 1949, when this suit was filed, Neil McClain violated the Liquor Control Act in Brown County at said premises and that at the time of the filing of this case and on April 10, 1950, when this cause was tried, he was about to, and intended to, violate the provisions of said act in Brown County on said premises. A temporary injunction was made permanent and Neil McClain and his employees were enjoined from unlawfully selling, possessing for sale or offering for sale, at said premises, or elsewhere in Brown County, alcoholic beverages in violation of the Liquor Control Act and from maintaining or permitting the maintenance of said premises as a common nuisance and said premises were ordered closed for one year. Neil McClain and his wife, Winnie McClain, have appealed.

■■ The substance of appellants' first two points is that the court erred in overruling their general demurrer and exception to the amended petition. Rules Civil Procedure 90 provides, "General demurrers shall not be used." In addition to the general demurrer, appellant excepted to the petition because it failed to allege how or in what manner he threatened to violate the Liquor Control Act. As pointed out by appellants, the petition did contain the general allegations that Neil McClain was using the premises as a common nuisance, as defined by the Liquor Control Act, and that he was threatening to continue to violate the provisions of said act and to use said building as a place where the liquor laws were flagrantly and openly violated and that he was then violating said act and threatening to continue to violate said law and to maintain a common nuisance. However, in addition thereto, the State specifically alleged many violations of the statute, as heretofore shown. The cases cited by appellants are decisions by the Court of Criminal Appeals in criminal cases and are not controlling in a civil case.

■ Appellants' third point is that the court erred in overruling "Winnie" Mc-

Clain's plea in abatement because the citation was directed to "Louise" McClain and no service had been had on Winnie McClain in a case in which she, as distinguished from Louise, was a party. This point is overruled, among other reasons, because the transcript discloses that both Neil McClain and his wife, "Winnie" McClain, filed an answer to the amended petition and thereby entered their appearances. Winnie McClain having answered, the fact that she had theretofore been named in the pleadings and in the citation as "Louise" became immaterial.

 Appellants' fifth and seventh points are to the effect that the court erred in overruling appellants' motion for an instructed verdict and that the verdict is not supported by the evidence because there was no evidence that Neil McClain had threatened to violate or intended to violate, the Liquor Control Act and that the only evidence relative thereto was his denial that he so intended. There was evidence that on several different occasions Neil McClain and his employee had pleaded guilty to violating the liquor laws and that three violations occurred in July and August, 1949. There was evidence that officers found liquor near appellants' premises after the filing of the amended petition. Such evidence, considered with the denial of Neil McClain that he intended to further violate the law, simply presented a question of fact for the decision of the jury. We are of the opinion that the evidence is sufficient to sustain their findings. Vance, v. State, Tex.Civ.App., 179 S.W.2d 436; Winfield v. State, Tex.Civ.App., 231 S.W.2d 896; Jeter v. State, Tex.Civ.App., 171 S.W.2d 192.

Appellants contend the court erred in permitting the State to ask Neil McClain whether he was in his place of business on March 31st and April 1st when Billie Willie sold whiskey to John Campbell. The objection made was that the testimony was inflammatory and was asked for the purpose of inflaming the minds of the jury. Neil McClain testified that he knew Billie Willie but he did not know that he sold whiskey at his place and that Billie Willie was not his employee. F. E. Parker, agent for the Texas Liquor Control Board, testified that Evelyn Setters and a boy by the name of Willie were assisting Neil McClain in operating Neil's Place. Evidence was admissible that tended to show that an employee of appellant unlawfully sold intoxicating liquors at Neil's Place in March and April, 1950, because it tended to show that appellant and his employees were then violating the liquor laws and maintaining a nuisance at said place and, unless restrained, would continue to do so. The fact that the State did not thereafter present evidence that Billie Willie sold whiskey to John Campbell at "Neil's Place" does not, of itself, show that the State was not acting in good faith and that the question was asked for the purpose of improperly prejudicing appellant before the jury. Furthermore, the mere asking of the question, considered with appellants' denial, was not reasonably calculated to cause the rendition of an improper judgment. Rules Civil Procedure 434. Texas Power & Light Co. v. Hering, Tex.Sup., 224 S.W.2d 191, 192. We have carefully considered all points presented and conclude that reversible error is not shown.

The judgment is affirmed.