Lewis B. TEMPLIN et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 3113.

Court of Civil Appeals of Texas.

Eastland.

Dec. 3, 1954.

Rehearing Denied Jan. 7, 1955.

Gib Callaway, J. C. Darroch, Brownwood, for appellants.

Bill Allcorn, Dist. Atty., Firman Smith, County Atty., Brownwood, Horace Wimberly, Asst. Atty. Gen., Austin, for appellee.

COLLINGS, Justice.

This suit was brought by the State of Texas against Lewis B. Templin and wife, Pauline Templin. It was alleged that the said defendants had on several specified dates in Brown County, Texas, a dry area, as that term is defined in the Texas Liquor Control Act, Vernon's Ann.P.C. art. 666–1 et seq., possessed for the purpose of sale various amounts and kinds of alcoholic liquors and that they were threatening to continue such violations unless restrained. Templin and wife filed answers denying such allegations and particularly denied that they were threatening or intended to sell, or to possess for the purpose of sale, any alcoholic beverages in Brown County in violation of the Texas Liquor Control Act.

The case was tried before a jury which found in answer to special issues that on November 17, 1953, both Lewis B. Templin and Pauline Templin possessed whiskey in

Brown County, Texas, for the purpose of sale, and that on five other occasions prior thereto, extending back to September 13, 1950, said defendants possessed alcoholic liquors in Brown County, Texas, for the purpose of sale; that on November 20, 1953, the date this suit was filed, both Lewis B. Templin and Pauline Templin expected or intended thereafter to possess for the purpose of sale whiskey or other intoxicating liquors in Brown County, and that at the time of the trial both Lewis B. Templin and Pauline Templin expected or intended thereafter to possess for the purpose of sale whiskey or other intoxicating liquor in Brown County. Based upon the above findings of the jury, and the agreed fact that Brown County is and was at all times relevant hereto a dry area as that term is defined in the Liquor Control Act, the court entered judgment permanently enjoining and restraining said defendants from unlawfully selling, possessing for the purpose of sale, or offering for sale at any place in Brown County any and all alcoholic beverages in violation of the provisions of the Texas Liquor Control Act. Lewis B. Templin and Pauline Templin have appealed.

The State's petition for an injunction was filed on November 20, 1953. The evidence shows that on six different occasions beginning on September 13, 1950, and extending to November 17, 1953, appellants were found in possession of whiskey, wine and gin in such dry area in quantities ranging from three and a half pints to twenty-two pints. The possession of such amounts of intoxicating beverages on such occasions was prima facie evidence that it was possessed for the purpose of sale. Article 666, Sec. 23a, (2) Texas Penal Code.

On one of the occasions the whiskey and gin was found hidden under appellants' bedroom floor under a trap door concealed by a throw rug. On another occasion it was found in the bathroom wall behind a medicine cabinet constructed in such manner that a false back in the medicine cabinet could be used as a sliding door or panel opening into a secret liquor compartment behind the cabinet.

This evidence, in our opinion, supports the verdict and the judgment that appellants at all times in question possessed intoxicating liquor for sale. The past course of action of appellants in possessing intoxicating liquor for sale, which the evidence shows to have continued until three days prior to the filing of this suit, is evidence of their intention in this regard at the time of the trial. In a civil case, as the one here under consideration, such evidence is sufficient to support the jury finding that at the time of the trial appellants intended thereafter and in the future to possess intoxicating liquor for the purpose of sale. Jeter v. State, Tex.Civ.App., 171 S.W.2d 192 (Err. Ref. W. O. M.); Jeter v. State, Tex.Civ.App., 184 S.W.2d 716; Lindsey v. State, Tex.Civ.App., 194 S.W.2d 413 (Err. Ref. N. R. E.); McClain v. State, Tex.Civ. App., 235 S.W.2d 947 (Err. Ref. N. R. E.); Winfield v. State, Tex.Civ.App., 231 S.W.2d 896; State v. Crystal Club, Tex.Civ.App., 177 S.W.2d 110; Walker v. State, Tex.Civ. App., 173 S.W.2d 741; United States v. Budar, 7 Cir., 9 F.2d 126; Engler v. United States, 8 Cir., 25 F.2d 37; Vance v. State, Tex.Civ.App., 179 S.W.2d 436; Lorance v. State, Tex.Civ.App., 179 S.W.2d 1015. We overrule appellants' points complaining of the admissibility and sufficiency of such evidence.

Appellant, Lewis B. Templin, on cross-examination, admitted that he had entered a plea of guilty to the offence of possessing intoxicating liquor for the purpose of sale in connection with the occasion when officers testified that liquor was found on premises occupied by him in Brown County on November 17, 1953. Templin testified, however, that such plea was obtained by duress, in that, the officers on such occasion threatened to immediately incarcerate his wife in jail if he did not plead guilty to said charge. It is urged in appellants' fourth point that since the evidence raises the issue that his plea of guilty was obtained by reason of a threat to put his wife in jail that the evidence was not admissible and that the court erred in refusing the request to instruct the jury to

disregard such plea of guilty if they should find that it was obtained by duress.

We have examined the record and can find no assignment of error which raises this point. It is indicated in appellants' brief under the fourth point that same is germane to his eighth assignment of error. An examination of his eighth assignment of error indicates complaint of the action of the court in refusing to sustain objections to the inquiry of the State in regard to pleas of guilty by the said Lewis B. Templin for the reason that such evidence related to matters "too remote to be admissible against either of the defendants and was immaterial and prejudicial * * *." We have not been able to find in the record any request by appellants for the court to instruct the jury to disregard his plea of guilty if they found that same was obtained by duress, nor have we found an assignment of error which makes such a complaint.

■ In connection with appellants' claim that duress influenced his plea of guilty, we do find appellants' fifteenth assignment of error which urges that the court erred in refusing to submit to the jury the defendants' special requested charge No. 1. Appellants' specially requested charge No. 1 which was refused by the court inquired whether or not appellant Lewis B. Templin's plea of guilty to possession for the purpose of sale on November 17, 1953, was obtained by threats by the officers to immediately put his wife in jail if he did not plead guilty to said charge. Appellant did not plead duress and was not entitled to an affirmative submission of any issue in his behalf which was not raised by an affirmative written pleading on his part. Rules 277 and 279, Texas Rules of Civil Procedure; Ellzey v. Allen, Tex.Civ.App., 172 S.W.2d 703; Green v. Ligon, Tex.Civ.App., 190 S.W.2d 742 (Ref. N. R. E.); Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769 (Ref. N. R. E.).

Appellants objected and excepted to the court's charge because of its failure to instruct the jury on the question of the lawfulness of possession of intoxicating liquor for one's own personal use and duly requested the court to give to the jury the following instruction:

"Gentlemen of the Jury: You are instructed that the possession of any amount of liquor for one's own use is not illegal, And, unless you find and believe from the evidence that the possession of liquor testified to by the State's witnesses was possessed by the defendants' for the purpose of sale, you will not consider the evidence of any such possession for any purpose whatsoever in this case."

■ It was alleged in appellants' pleadings that their possession of liquor and the possession which they expected to have in the future was and would be solely for personal use. There was evidence in support of such allegation. This was appellants' affirmative defense to the contention and theory of the State that intoxicating liquor was and would in the future be possessed by appellants for the purpose of sale. If appellants' possession of liquor at the times testified to by the State's witnesses was for personal use, as alleged and testified to by appellant, then such possession was not illegal and was no evidence of an intention to violate the Liquor Control Act in the future. If the jury believed appellants' testimony to the effect that, although they possessed liquor at the times testified to by the State's witnesses, such possession was for personal use, then under the law, they could not properly consider such possession as evidence that defendants would in the future violate the Liquor Control Act, unless restrained. Rule 277, Texas Rules of Civil Procedure, provides, among other things, that in submitting special issues the court shall give such explanatory instructions as shall be necessary to enable the jury to properly pass upon and render verdict on such issues. Appellants were entitled to have such explanatory instruction given to the jury in considering the special issues here submitted. The failure to give the requested instruction was, under the circumstances, reversible error.

The judgment of the trial court is reversed and the cause is remanded.