Ellis EUBANKS, Appellant,

v.

Geedie COLBERT, Appellee.

No. 3442.

Court of Civil Appeals of Texas.

Eastland.

June 26, 1959.

Rehearing Denied Sept. 18, 1959.

Little & Gilliland, Big Spring, for appellant.

Hartman Hooser, Big Spring, Warren Burnett, Odessa, for appellee.

COLLINGS, Justice.

Geedie Colbert brought this suit against Ellis Eubanks for damages because of personal injuries alleged to have been sustained when the vehicle in which he was riding was struck by a police car owned by the City of Big Spring and operated by Eubanks, who at the time was on police patrol and in the course of his employment as a policeman. The case was tried before a jury which found that the defendant failed to have his police car under proper control, which failure was negligence and a proximate cause of the collision, and that the defendant was driving the car at an excessive rate of speed under the circumstances, which was negligence and a proximate cause of the collision. Based on the

verdict, judgment was entered for Colbert in the sum of $8,000. Ellis Eubanks has appealed.

The evidence shows that the accident occurred at about 1:30 a. m. on March 16, 1956. Appellant Eubanks was employed by the City of Big Spring as a policeman. He was on duty and was patrolling the streets in a police car with another officer by the name of J. C. Godwin. The police car was equipped with a siren and police radio. Shortly before the accident, appellant and his fellow officer received a call that there was a "suspicious car" at the intersection of 4th and State Streets, where a filling station was under construction, which was about nine blocks east of the 4th and Johnson Street intersection where the accident occurred. After receiving the call, appellant, who was operating the police car, proceeded normally until he turned east on 4th Street which was a one-way street. After he had crossed Runnels Street going east, he picked up speed to approximately 35 or 40 miles per hour. As he drew near the intersection of 4th and Johnson Streets at such speed, he was traveling in the center lane of the one way street when he saw the car in which appellee was riding approach the intersection on Johnson Street from the north. Eubanks, who at the time was about 70 feet from the intersection, immediately applied his brakes. The wheels on the police car locked and skidded to the point of collision. Eubanks testified that he did not turn or swerve to the right or left, but continued straight down the middle lane. He testified that he did not blow his horn or sound his siren; that it happened awfully fast; that he didn't use the siren because of the type of call received.

Article 827a, Section 8 of Vernon's Texas Penal Code provides that the maximum rate of speed in any business district is 30 miles per hour. The evidence shows that the accident occurred in a business district. Article 791 of the Penal Code provides as follows:

"Section 8 of Article 827A * * * relating to the speed of motor vehicles, shall not apply to fire patrols or motor vehicles operated by the fire department of any city, town or village responding to calls, nor to police patrols or physicians and/or ambulances responding to emergency calls; provided that incorporated cities and towns may by ordinance regulate the speed of ambulances."

Appellant's first five points are concerned with the materiality of evidence and the applicability of the general speed laws to appellant as a police officer on duty and answering calls. Appellant complains of the action of the court (1) in permitting appellee to introduce evidence that the speed limit at the intersection where the collision occurred was 30 miles per hour over appellant's objection that the speed limit did not apply to policemen on duty and answering calls; (2) in overruling appellant's objection to the charge on the ground that the court's definition of "excessive rate of speed" did not advise the jury concerning the provisions of Penal Code, Article 791, which exempts police patrols from the provisions of the general speed laws; (3) in refusing to submit appellant's requested special instruction advising the jury of the provisions of Article 791 of the Penal Code to the effect that the provisions of the general speed law do not apply to police patrols and particularly to police patrols responding to emergency calls; (4) in refusing to give appellant's requested special instruction number 2 advising the jury that the speed limit of 30 miles per hour did not necessarily cause any speed by appellant in excess of 30 miles per hour to be illegal, and (5) in refusing to grant appellant a new trial because of argument and statements to the jury by the attorney for appellee to the effect that a policeman on duty had no more right to speed than anyone else and that there was no exception to the rules of law that apply to police officers either on or off duty.

■ In considering the above points, it should be kept in mind that the findings of negligence upon which the judgment is based are that appellant failed to have his police car under proper control and that he was driving at an excessive rate of speed under the circumstances. Although it was admitted by appellant that at the time of the collision he was operating his car at the rate of speed of 35 to 40 miles per hour, which is greater than the maximum provided in Article 827a, Section 8, Penal Code, appellee has not sought to hold him liable on the theory that he was guilty of negligence as a matter of law. Appellee sought to recover on the theory that Eubanks was negligent under the circumstances but endeavored to impress the jury that Eubanks was violating the law. Such was the obvious purpose of the introduction of the evidence to the effect that the speed limit at the intersection where the accident occurred was 30 miles per hour. Appellant objected to this evidence on the ground in effect that the speed limit did not apply to him because he was an officer on duty and responding to a call. The court in our opinion erred in overruling appellant's objection. The general speed law did not apply to appellant because he was a policeman, on patrol, and at the time was responding to an emergency call. The introduction of evidence of the general speed law tending to show that it did apply to appellant was error and was highly prejudicial.

It was held under Article 791 of the Penal Code as it existed prior to an amendment enacted in 1933, that the general speed law did not apply to "police patrols". Hampton Co. v. Joyce, Tex.Civ.App., 80 S.W.2d 1066, N.R.E. The language of the amended statute does not appear to be substantially different from that prior to the amendment, insofar as it involves the question of whether the requirement concerning emergency calls applies to police patrols.

■ But if it should be held, as appellee contends and as we by way of dicta assumed in Eubanks v. Wood, Tex.Civ.App., 304 S.W.2d 567, that Eubanks as a police officer was under the terms of Article 791 exempt from complying with the general speed law only in case he was on an emergency call, the evidence shows as a matter of law that appellant was on an emergency call. The undisputed evidence shows that Eubanks was proceeding to an address in compliance with a message directing him to investigate a "suspicious car" reported to be in the neighborhood of a construction job. The report indicated a suspected law violation and "supplied the urgency for swift and immediate action if the purpose of the call was to be accomplished by the enforcement of the law". Appellant was in any event not subject to the general speed law and not guilty of a violation of the speed law at the time of the collision. If the record had raised only a question of fact as to whether appellant was on an emergency call, the admission of the evidence would have been error.

■ The refusal of the court to comply with the appellant's request to instruct the jury concerning the provisions of Article 791 to the effect that the general speed law does not apply to police patrols and particularly to police patrols on emergency calls was also error. Even if the general speed law should be held material and admissible as evidence to be considered by the jury in determining whether Eubanks was driving the police car at an excessive rate of speed under the circumstances, or whether he failed to have his car under proper control because of speed, then appellant would certainly be entitled to have the jury advised that by reason of Article 791 he was exempt from the provisions of the speed law. Rule 277, Rules of Civil Procedure; City of Fort Worth v. Lee, Tex.Civ.App., 182 S.W.2d 831, affirmed 143 Tex. 551, 186 S.W.2d 954, 159 A.L.R. 125; Templin v. State, Tex.Civ.App., 274 S.W.2d 171 (R. N.R.E.).

The combined effect of the action of the court in admitting evidence of the general

speed law which tended to show that appellant was in violation thereof, and in refusing to instruct the jury concerning the provisions of Article 791 as requested by appellant was to leave the jury with the erroneous impression that appellant was at the time of the accident subject to, and violating, the general speed law. Such action was erroneous and highly prejudicial to appellant. It also gave the jury an incorrect standard or rule for determining and finding excessive speed. Appellant admitted that he was driving the police car at a speed of 35 or 40 miles per hour. If he had been subject to the general speed law of 30 miles per hour, he would have been guilty of negligence per se. The findings of the jury that appellant was operating the police car at an excessive rate of speed under the circumstances and that he failed to have his car under proper control constitute the basis of the judgment appealed from. These issues were hotly contested in the trial court. Under the circumstances, the errors complained of were reasonably calculated to cause and probably did cause the rendition of an improper judgment.

The prejudicial effect of the matters above discussed was aggravated by the jury argument of appellee's attorney. Attorney for appellee, in effect, advised the jury that Eubanks, although an officer on duty and on police patrol, and on a call was subject to the general speed law which the jury had been informed over appellant's objections was 30 miles per hour. The attorney stated to the jury that there was no "exception to the rules of law that apply to police officers either on or off duty". Although the argument did not specifically refer to an officer "on patrol" or "on call", we think that when considered in context and in connection with the circumstances, that meaning was plainly intended and made apparent. The argument called the attention of the jury to and emphasized the general speed law which was not applicable to appellant, which was not material to the determination of any fact issue in the case, and was

improperly admitted in evidence. Even if the evidence had been admissible, the argument incorrectly advised the jury that Eubanks was at the time of the collision subject to the provisions of the general speed law and that there was no provision of the law excepting him from its terms. The argument thus reiterated, emphasized and aggravated the highly prejudicial errors which were already in the case.

Appellant's remaining points complain of the manner of submission of the damage issue (special issue number 15) and of the instructions in connection therewith. Appellant contends that special issue number 15 as submitted was on the weight of the evidence and assumed that plaintiff had undergone physical and mental pain and suffering from the time of his accident until the time of the trial. The issue and the instructions are substantially the same as that approved in Sproles Motor Freight Line v. Juge, Tex.Civ.App., 123 S.W.2d 919, 926 (Dis.J.C.), except in that case the following additional instruction was given: "In this connection, you are instructed that you may allow plaintiff only such amount as you may find from a preponderance of the evidence arose from injuries received in the accident in question which were proximately caused by the negligence, if any, of the driver of the truck in question." ·An· addition of the above quotation to the explanatory instructions concerning special issue number 15 would have removed any doubt concerning the validity of the objection in the instant case that the issue was on the weight of the evidence.

In connection with special issue number 15, appellant requested the court to instruct the jury, in effect, that if Colbert had ailments prior to the collision and that such prior ailments caused him pain and suffering or loss of earnings that the jury should not award any damages for the extent that his prior ailments caused pain and suffering or loss of earnings. See Dallas Ry. & Terminal Co. v. Ector, Tex.Com.App., 131 Tex. 505, 116 S.W.2d 683. Appellee con-

tends that the evidence concerning prior ailments was of ailments so remote that they could not be connected or intermingled to the extent that a jury might be confused and allow any improper elements of damage. We cannot know the state of the evidence in this respect on another trial, but, assuming the evidence to be the same as shown in this record, we are of the opinion that an abundance of precaution would make desirable, if indeed it would not compel, the granting of an instruction substantially as requested by appellant.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded.