**Ex parte Louis M. WILLIAMS, Jr.**

**No. 35832.**

Court of Criminal Appeals of Texas.

June 5, 1963.

Malcolm Sanders, Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Floyd A. Landrey, Asst. City Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted in the County Court at Law of Jefferson County, upon a prosecution originating in the Corporation Court of the City of Beaumont, in Cause Nos. 38,874 and 38,875, of the offenses of speeding, in violation of Section 37–20 of the ordinances of the City of Beaumont.

The punishment assessed in Cause No. 38,874 was a fine of $40 and in Cause No. 38,875, a fine of $15.

By petition for writ of habeas corpus presented to the Honorable Owen M. Lord, Judge of the Criminal District Court of Jefferson County, appellant sought his release from custody of R. E. Culbertson, acting sheriff of Jefferson County, in whose custody he was being held by virtue of the two county court convictions.

In his petition for writ of habeas corpus, appellant attacked as void the city ordinance under which he was convicted.

This is an appeal from the order entered by Judge Lord, after granting the writ remanding appellant to custody.

The ordinance under which appellant stands convicted reads, in part, as follows: "Sec. 37–20. Authorized emergency vehicles—Rules applicable.

"(a) The driver of an authorized emergency vehicle, when responding to an emergency call * * * may exercise the privileges set forth in this section, but subject to the conditions herein stated.

"(b) The driver of an authorized emergency vehicle may:

\* \* \* \* \* \*

"(4) Exceed the prima facie speed limit so long as he does not endanger life or property; *provided, however, that the driver of an ambulance operating as an emergency vehicle shall not drive such ambulance at a rate of speed in excess of ten (10) miles per hour greater than the established prima facie speed limits on the route of travel of such ambulance * * *."* (Emphasis supplied.)

The complaint in Cause No. 38,874 charged that appellant did unlawfully

"operate and drive a motor vehicle, to wit, an ambulance at a speed of 90 miles per hour in and upon a public street and highway, to wit * * * Fannett Road, *then* established prima facie speed limit at said location being then and there *60* miles per hour, said *90* miles per hour being in excess of 10 miles per hour above the legal speed limit * * *."

The complaint in Cause No. 38,875 in similar language charged that appellant did operate an ambulance at a speed of 55 miles per hour upon a certain street, the

established prima facie speed limit at said location being *30* miles per hour, and being in excess of 10 miles per hour above the legal speed limit.

Appellant first insists that the language in Sec. 37–20(b) (4) of the ordinance, which authorizes the driver of an emergency vehicle to exceed the prima facie speed limit *so long as he does not endanger life or property,* is so indefinite and uncertain as to render the ordinance void, under Art. 6, Vernon's Ann.P.C., and Art. 1, Sec. 10, of Vernon's Ann. Constitution of Texas. We need not pass upon such contention as appellant was not prosecuted or convicted under this portion of the ordinance. McClane v. State, 170 Tex.Cr.R. 603, 343 S.W. 2d 447.

Appellant further contends that Sec. 37–20 of the ordinance is void because, in defining the offense, it omits the essential element found in Art. 827a, V.A.P.C., of the general law that the vehicle not be driven at a speed greater than is reasonable and prudent under the conditions then existing. Reference is made to the recent opinion by this court in Eaves v. State, Tex.Cr.App., 353 S.W.2d 231, where it was held that an information for speeding under Art. 827a, supra, which failed to allege that the vehicle was driven at a speed greater than was then reasonable and prudent under the existing conditions was insufficient. Appellant insists that because the ordinance in question is at variance and in conflict with the general speed law, Art. 827a, supra, it is void under the provisions of both Art. 11, Sec. 5, of the Texas Constitution and Art. 1165, Vernon's Ann.Civ.St., which prohibit a home rule city from enacting any law inconsistent with the Constitution or general laws of this state.

Appellant apparently overlooks the effect of Art. 791, V.A.P.C., which provides that Art. 827a(8) of the Penal Code, which prescribes speed limits in this state "shall not apply * * * to * * * ambulances responding to emergency calls; provided

that incorporated cities and towns may by ordinance regulate the speed of ambulances."

In Eubanks v. Colbert, Civ.App., 1959, 327 S.W.2d 457, 83 A.L.R.2d 378 it was held that under the provisions of Art. 791, supra, the general speed law did not apply to a policeman on patrol and at the time responding to an emergency call.

In Flanigan, et al., v. Carswell et al., Sup.Ct., 1959, 159 Tex. 598, 324 S.W.2d 835, it was held that by virtue of Art. 791, supra, the maximum speed limit of an ambulance operated in the City of Houston was that fixed by ordinance to emergency vehicles.

We find the ordinance in question valid and no error in the court's refusal to discharge appellant from custody.

The judgment is affirmed.